**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| 417 Rentals, LLC, | ) | Case No. 17-60935-abf11 |
| | ) | |
| Debtor. | ) | |

**MOTION FOR ADEQUATE PROTECTION**

  **COMES NOW**, Creditor Mid-Missouri Bank (hereinafter "Bank"), a secured creditor and party in interest in the above-styled case, and moves the Court for an Order conditioning use of the Real Property, as defined below, and compelling Debtor to make payments to Bank as necessary to provide Bank with adequate protection, and, in support thereof, states to the Court the following:

  1.  An order for relief under Chapter 11 of the United States Bankruptcy Code was entered on behalf of Debtor 417 Rentals, LLC ("Debtor") on August 25, 2017. Debtor has remained in possession of its real and personal property since said date.

  2.  The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 157, and this is a core proceeding dealing with property of the estate.

  3.  Bank is the holder of a promissory note executed by Debtor on or about December 4, 2016 in which Chris Gatley, as sole member, executed, for value received, on behalf of Debtor, a note in the original principal amount of $427,360.00 payable to Bank ("Note 9001"). Debtor promised to repay the principal amount of $427,360.00 together with interest at the rate of 6.250%, upon Bank's demand or, if no demand is made, by making monthly payments of $4,132.62 on the 4th day of each month for 35 months, beginning on January 4, 2017 and continuing until December 4, 2019 when the entire remaining balance of the loan would become

due.  A true and accurate copy of Note 9001 is attached hereto as **Exhibit A** and incorporated herein by reference.

4. Note 9001 was secured by a future advance and future obligation deed of trust dated June 4, 2010 (hereinafter "Deed of Trust 9001") in certain real estate in Greene County, Missouri legally described in the property description attached hereto as **Exhibit B**.  Deed of Trust 9001 also contains an assignment of rents and leases.  Deed of Trust 9001 was recorded on June 8, 2010 with the Greene County Recorder of Deeds Office in Book 2010 at Page 021677-10.  A true and accurate copy of Deed of Trust 9001 is attached hereto as **Exhibit C** and incorporated herein by reference.

5. Bank is the holder of a promissory note executed by Debtor on or about May 2, 2017 in which Chris Gatley, as sole member, executed, for value received, on behalf of Debtor, a note in the original principal amount of $355,446.99 payable to Bank ("Note 9002").  Debtor promised to repay the principal amount of $355,446.99 together with interest at the rate of 6.250%, upon Bank's demand or, if no demand is made, by making monthly payments of $3,197.66 on the 2nd day of each month for 35 months, beginning on June 2, 2017 and continuing until May 2, 2020 when the entire remaining balance of the loan would become due.  A true and accurate copy of Note 9002 is attached hereto as **Exhibit D** and incorporated herein by reference.

6. Note 9002 was secured by a future advance and future obligation deed of trust dated May 26, 2011 (hereinafter "Deed of Trust 9002") in certain real estate in Greene County, Missouri legally described in the property description attached hereto as **Exhibit E**.  Deed of Trust 9002 also contains an assignment of rents and leases.  Deed of Trust 9002 was recorded on May 31, 2011 with the Greene County Recorder of Deeds Office in Book 2011 at Page 019834-

11. A true and accurate copy of Deed of Trust 9002 is attached hereto as **Exhibit F** and incorporated herein by reference.

7. The real property described in **Exhibit B** and **Exhibit E** is hereinafter collectively referred to as the "Real Property" and consists of twenty parcels used by the Debtor as income generating rental properties.

8. Debtor defaulted on payments due under Note 9001 and Note 9002 prior to the filing of its petition in this case. The amount necessary to cure the default on Note 9001, as of the date of filing, was $5,990.24. The amount necessary to cure the default on Note 9002, as of the date of filing, was $2,989.05.

9. As of the date of the filing of the petition, the balance due and owing with respect to the Notes was as follows: $431,704.12 due and owing on Note 9001; and $368,567.38 due and owing on Note 9002.

10. Debtor is continuing to use the Real Property and such use results in the depreciation of the value of the property.

11. Debtor is also receiving rental income from the use of the Real Property, which should exceed the amounts necessary to service the debts owed to Bank pursuant to the terms of Note 9001 and Note 9002.

12. In its proofs of claim, Bank estimates that the tracts that make up the Real Property are worth a combined value of approximately $900,000.00. However, Bank asserts that the value of the Real Property is not substantially greater than the amount of the debt on Note 9001 and Note 9002, as of the date of filing.

13. Due to the mere passage of time during the pendency of this proceeding, it is necessary to maintain the equilibrium between the value of the Real Property and the amount of

the debt. The payment of adequate protection by Debtor to Bank is necessary in order to maintain any equity in the collateral so that it does not decrease and diminish Bank's secured status. The payment of adequate protection periodic payments to the Bank will maintain the secured position with respect to the debt.

14. Bank does not have, nor has it been offered, adequate protection for its interest in the Property.

15. If Bank is not permitted to receive adequate protection payments, it will suffer irreparable loss and damage.

16. Bank is entitled to adequate protection and requests an Order of the Court conditioning the Debtor's use of the Real Property and for Debtor to make adequate protection payments to Bank to protect and maintain Bank's interest in the collateral.

**WHEREFORE**, Bank prays that the Court enter an Order conditioning use of the Real Property and compelling Debtor to make payments to Bank as necessary to provide Bank with adequate protection, and for such other and further relief as the Court deems just in the premises.

LOWTHER JOHNSON, LLC

By: /s/ Lee J. Viorel
Lee J. Viorel, #36886
901 St. Louis Street, 20th Floor
Springfield, MO  65806
Office: (417) 866-7777
Fax No: (417) 866-1752
lviorel@lowtherjohnson.com

*Attorneys for Creditor,*
*Mid-Missouri Bank*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by electronic notice or by United States Mail, First Class postage prepaid, this 20th day of September, 2017, to:

*Attorney for Debtor*
Ronald S. Weiss
Berman DeLeve Kuchan & Chapman
1100 Main Street, Suite 2850
Kansas City, MO 64105
Email: rweiss@bdkc.com

*Attorney for U.S. Trustee*
Lloyd E. Mueller
Office of the U.S. Trustee
400 E 9th St
KC, MO 64106
Email: lloyd.e.mueller@usdoj.gov

/s/ Lee J. Viorel_____
Lee J. Viorel