IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI, AT SPRINGFIELD

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| 417 Rentals, LLC | ) | Case No. 17-60935 |
| Debtor, | ) | Chapter 11 |
| _____ | ) | |

## MOTION TO MODIFY AUTOMATIC STAY

Now Comes Prime Rate Premium Finance, a creditor herein, Kenneth C. Jones of Lewis Rice LLC, its attorneys, and moves this Honorable Court for entry of an Order modifying the restraining provisions of § 362 of the Bankruptcy Code, and in support thereof respectfully represent as follows:

## JURISDICTION

1. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the court has jurisdiction pursuant to 28 U.S.C. §151, 157, and 1334.

## FACTS

2. That on August 25, 2017, the Debtor herein filed a petition for relief under Chapter 11 of the Bankruptcy Code.

3. That Prime Rate Premium Finance and the Debtor entered into a Premium Finance Agreement ("Agreement") on or about January 16, 2107.  Under the Agreement, Prime Rate Premium Finance financed a premium for insurance on commercial building(s).  The total amount of the premiums financed under the Agreement was $4,616.75.  A copy of the Agreement is attached hereto as "Exhibit A" and incorporated herein by reference.

4. Pursuant to said agreement, Debtor was to make a cash down payment to Prime Rate in the amount of $1,090.00 and nine (9) monthly payments in the amount of $530.55 on the 16th of each month beginning on January 16, 2017.

5. To secure the repayment of the premiums paid by Prime Rate, the Debtor gave a security interest in the unearned premiums due under the policy and irrevocably appointed Prime Rate as Attorney-In-Fact for the Debtor with full authority to effect cancellation of the policy covered by the Agreement if the payments were not made as required under said Agreement.

6. As required by the Agreement, Prime Rate paid the full amount of the insurance premiums to the insurance company, by and through the insurance agent.

7. The Debtor made the payments under the Agreement up to and through the July 2017 payment.

8. The Agreement is in default, including applicable late charges, totaling $1,638.18, which represents the July 2017 through September 2017 payment. As of September 21, 2017, the total balance due under the Agreement is $1,638.18.

9. Upon information and belief, the commercial building(s) that were insured by the underlying policy are no longer necessary for the Debtor's effective reorganization.

10. The Agreement is secured by unearned premiums and the amount of the unearned premiums decreases on a daily basis. Therefore, Prime Rate's interest in the policy is not being adequately protected by the daily loss of its collateral.

11. The debtor has not offered the necessary adequate protection of Prime Rate's secured interest in the unearned premium, and there is a substantial risk of continuing loss to or diminution of its interest. As a result, pursuant to 11 U.S.C. §362(d)(1), cause exists for relief from the automatic stay.

12. Prime Rate is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2) because there is no equity in the underlying policy and the policy is not necessary for the effective reorganization of the Debtor.

13. Prime Rate does not have, and has not been offered, adequate protection within the meaning of 11 U.S.C. §361 for its interest. If Prime Rate is not permitted to terminate the policy, effective as of the date of the filing of this bankruptcy case, Prime Rate will suffer irreparable injury, loss and damage by virtue of the decreasing amount of the unearned premium available to pay the outstanding indebtedness owed to Prime Rate under the Agreement.

14. The Debtor consents to the relief sought in Prime Rate's Motion.

15. Sufficient cause exists to waive the requirements of Bankruptcy Rule 4001(a)(3) thereby giving full force and effect to the Order upon entry by the court.

WHEREFORE, PRIME RATE PREMIUM FINANCE prays that this Honorable Court enter an Order modifying the restraining provisions of § 362 of the Bankruptcy Code to permit Prime Rate Premium Finance or its assigns to terminate the insurance policy, effective as of the date of the filing of this bankruptcy case, and collect the unearned premium to apply to the outstanding indebtedness owed under the Agreement: that Bankruptcy Rule 4001(a)(3) is waived and not applicable, and for such other and further relief as this court deems just and proper.

Respectfully submitted,

LEWIS RICE LLC

/s/*Kenneth C. Jones*
Kenneth C. Jones, No. 40002
10484 Marty Street
Overland Park, KS 66212
(913) 648-6333
Fax: (913) 642-8742
kcjones@lewisricekc.com
ATTORNEYS FOR MOVANT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI, AT SPRINGFIELD

IN RE:                                          )
                                                )
417 Rentals, LLC                                )   Case No. 17-60935
                    Debtor,                     )   Chapter 11
_____)

### SUMMARY OF EXHIBITS AND CERTIFICATE OF SERVICE

The following exhibits in reference to the Motion for Relief from Stay are available upon request:

1. Premium Finance Agreement

It is hereby certified that copies of the Motion and Exhibits were mailed by United States mail, postage prepaid, this 22nd day of September, 2017, to the following:

417 Rentals, LLC                          Ronald S. Weiss
5759 W. Highway 60                        1100 Main St. Ste. 2850
Brookline, MO 65619                       Kansas City, MO 64105
Debtor                                    Debtor's Attorney

 

Respectfully submitted,
LEWIS RICE LLC

   /s/*Kenneth C. Jones*
Kenneth C. Jones, No. 40002
10484 Marty Street
Overland Park, KS 66212
(913) 648-6333
Fax: (913) 642-8742
kcjones@lewisricekc.com
ATTORNEYS FOR MOVANT