**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| 417 Rentals, LLC, | ) | Bankruptcy No. 17-60935-abf11 |
| | ) | |
| Debtor. | ) | |

**MOTION FOR ADEQUATE PROTECTION**

**COMES NOW**, Creditor Southern Missouri Bank of Marshfield (hereinafter "Bank"), a secured creditor and party in interest in the above-styled case, and moves the Court for an Order conditioning use of the Real Property, as defined below, and compelling Debtor to make payments to Bank as necessary to provide Bank with adequate protection, and, in support thereof, states to the Court the following:

1.    An order for relief under Chapter 11 of the United States Bankruptcy Code was entered on behalf of Debtor 417 Rentals, LLC ("Debtor") on August 25, 2017.  Debtor has remained in possession of its real and personal property since said date.

2.    The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 157, and this is a core proceeding dealing with property of the estate.

3.    Bank is the holder of a promissory note executed by Debtor on or about February 15, 2011 in which Chris Gatley, as member, executed, for value received, on behalf of Debtor, a note in the original principal amount of $144,000.00 payable to Bank ("Note 6056"). Debtor promised to repay the principal amount of $144,000.00 together with interest at the rate of 6.000% through monthly payments of $1,000.00 per month.  A true and accurate copy of Note 6056 is attached hereto as **Exhibit A** and incorporated herein by reference.

4.   Note 6056 was secured by three future advance and future obligation deeds of trust dated February 15, 2011 (hereinafter collectively referred to as the "6056 Deeds of Trust") pledging certain real estate in Greene County, Missouri legally described in the 6056 Deeds of Trust and including the following properties:

   a.   3232 W. Lakota St., Springfield, MO 65807;

   b.   2084 N. Roosevelt Ave., Springfield, MO 65803; and

   c.   2452 W. High St., Springfield, MO 65803.

The 6056 Deeds of Trust also contain an assignment of rents and leases. The 6056 Deeds of Trust were recorded on February 17, 2011 with the Greene County Recorder of Deeds Office in: Book 2011 Page 006703-11; Book 2011 Page 006701-11; and Book 2011 Page 006702-11. True and accurate copies of the 6056 Deeds of Trust are attached hereto collectively as **Exhibit B** and incorporated herein by reference.

5.   Bank is the holder of a promissory note executed by Debtor on or about November 30, 2012 in which Chris Gatley, as member, executed, for value received, on behalf of Debtor, a note in the original principal amount of $438,500.00 payable to Bank ("Note 7340"). Debtor promised to repay the principal amount of $438,500.00 together with interest at the rate of 5.250% through monthly payments of $2,979.85 per month with Note 7340 maturing on December 15, 2017. A true and accurate copy of Note 7340 is attached hereto as **Exhibit C** and incorporated herein by reference.

6.   Note 7340 was secured by ten future advance and future obligation deeds of trust dated November 30, 2012 (hereinafter collectively referred to as the "7340 Deeds of Trust") pledging certain real estate in Greene County, Missouri legally described in the 7340 Deeds of Trust and including the following properties:

      a.    4239 W. Maple St., Springfield, MO 65802;

      b.    626 W. Division St., Springfield, MO 65803;

      c.    932 W. Florida St., Springfield, MO 65803;

      d.    1037 N. Ethyl Ave., Springfield, MO 65802;

      e.    1478 E. Central St., Springfield, MO 65802;

      f.    1501 E. Whiteside St., Springfield, MO 65804;

      g.    1935 N. Lone Pine Ave., Springfield, MO 65803;

      h.    2039 N. Roosevelt Ave., Springfield, MO 65803;

      i.    2761 W. Lakota St., Springfield, MO 65807; and

      j.    4229 W. Maple St., Springfield, MO 65802.

The 7340 Deeds of Trust also contain an assignment of rents and leases. The 7340 Deeds of Trust were recorded on December 4, 2012 with the Greene County Recorder of Deeds Office in: Book 2012 Page 053782-12; Book 2012 Page 053787-12; Book 2012 Page 053785-12; Book 2012 Page 053788-12; Book 2012 Page 053780-12; Book 2012 Page 053786-12; Book 2012 Page 053784-12; Book 2012 Page 053789-12; Book 2012 Page 053781-12; and Book 2012 Page 053783-12.  True and accurate copies of the 7340 Deeds of Trust are attached hereto collectively as **Exhibit D** and incorporated herein by reference.

    7.    Bank is the holder of a promissory note executed by Debtor on or about February 28, 2013 in which Chris Gatley, as member, executed, for value received, on behalf of Debtor, a note in the original principal amount of $417,690.72 payable to Bank ("Note 7489"). Debtor promised to repay the principal amount of $417,690.72 together with interest at the rate of 5.250% through monthly payments of $2,838.97 per month with Note 7489 maturing

on March 15, 2018. A true and accurate copy of Note 7489 is attached hereto as **Exhibit E** and incorporated herein by reference.

      8.    Note 7489 was secured by nine future advance and future obligation deeds of trust dated February 28, 2013 (hereinafter collectively referred to as the "7489 Deeds of Trust") pledging certain real estate in Greene County, Missouri legally described in the 7489 Deeds of Trust and including the following properties:

    a.    910 S. Newton Ave., Springfield, MO 65806;

    b.    721 N. Nettleton Ave., Springfield, MO 65802;

    c.    2440 S. Westwood Ave., Springfield, MO 65807;

    d.    1910 W. Thoman St., Springfield, MO 65803;

    e.    2901 W. Grand St., Springfield, MO 65802;

    f.    727 S. Douglas Ave., Springfield, MO 65806;

    g.    2426 E. Commercial St., Springfield, MO 65803;

    h.    1934 N. Yates Ave., Springfield, MO 65803; and

    i.    1116 W. Mount Vernon St., Springfield, MO 65806.

The 7489 Deeds of Trust also contain an assignment of rents and leases. The 7489 Deeds of Trust were recorded on March 4, 2013 with the Greene County Recorder of Deeds Office in: Book 2013 Page 009323-13; Book 2013 Page 009317-13; Book 2013 Page 009316-13; Book 2013 Page 009318-13; Book 2013 Page 009319-13; Book 2013 Page 009321-13; Book 2013 Page 009322-13; Book 2013 Page 009324-13; and Book 2013 Page 009320-13. True and accurate copies of the 7489 Deeds of Trust are attached hereto collectively as **Exhibit F** and incorporated herein by reference.

9. Bank is the holder of a promissory note executed by Debtor on or about February 28, 2013 in which Chris Gatley, as member, executed, for value received, on behalf of Debtor, a note in the original principal amount of $40,974.50 payable to Bank ("Note 4178"). Debtor promised to repay the principal amount of $40,974.50 together with interest at the rate of 5.250% through monthly payments of $278.50 per month with Note 4178 maturing on March 15, 2018. A true and accurate copy of Note 4178 is attached hereto as **Exhibit G** and incorporated herein by reference.

10. Note 4178 was secured by a future advance and future obligation deeds of trust dated February 28, 2013 (hereinafter the "4178 Deed of Trust") pledging certain real estate in Greene County, Missouri legally described in the 4178 Deeds of Trust and commonly known as: 1711 W. Webster St., Springfield, MO 65802. The 4178 Deed of Trust also contains an assignment of rents and leases. The 4178 Deed of Trust was recorded on March 4, 2013 with the Greene County Recorder of Deeds Office in: Book 2013 Page 009417-13. True and accurate copies of the 4178 Deed of Trust is attached hereto as **Exhibit H** and incorporated herein by reference.

11. Bank is the holder of a promissory note executed by Debtor on or about May 19, 2016 in which Chris Gatley, as member, executed, for value received, on behalf of Debtor, a note in the original principal amount of $462,073.13 payable to Bank ("Note 9096"). Debtor promised to repay the principal amount of $462,073.13 together with interest at the rate of 4.950% through monthly payments of $3,055.33 per month with Note 9096 maturing on May 19, 2019. A true and accurate copy of Note 9096 is attached hereto as **Exhibit I** and incorporated herein by reference.

12. Note 9096 was secured by ten future advance and future obligation deeds of trust dated July 28, 2011 (hereinafter collectively referred to as the "9096 Deeds of Trust") pledging certain real estate in Greene County, Missouri legally described in the 9096 Deeds of Trust and including the following properties:

    a.    1675 E. Dale St., Springfield, MO 65803;

    b.    2509 N. Kellett Ave., Springfield, MO 65803;

    c.    1078 S. Main Ave., Springfield, MO 65807;

    d.    1018 N. Brown Ave., Springfield MO 65802;

    e.    908 W. Harrison St., Springfield, MO 65806;

    f.    3041 W. Water St., Springfield, MO 65802;

    g.    2001 W. Lynn St., Springfield, MO 65802;

    h.    864 S. Homewood Ave. Springfield, MO 65802;

    i.    2115 N. Kansas Ave., Springfield, MO 65803; and

    j.    1431 W. Thoman St., Springfield, MO 65803.

The 9096 Deeds of Trust also contain an assignment of rents and leases. The 9096 Deeds of Trust were recorded on August 1, 2011 with the Greene County Recorder of Deeds Office in: Book 2011 Page 028007-11; Book 2011 Page 028006-11; Book 2011 Page 028005-11; Book 2011 Page 028004-11; Book 2011 Page 028002-11; Book 2011 Page 028001-11; Book 2011 Page 028000-11; Book 2011 Page 028008-11; and Book 2011 Page 028009-11. True and accurate copies of the 9096 Deeds of Trust are attached hereto collectively as **Exhibit J** and incorporated herein by reference.

13.  The real property described in **Exhibits B**, **D**, **F**, **H**, and **J** is hereinafter collectively referred to as the "Real Property" and consists of thirty-three parcels used by the Debtor as income generating rental properties.

14.  Debtor defaulted on payments due under Notes 6056, 7340, 7489, 4178 and 9096 (hereinafter sometimes collectively referred to as the "Notes") prior to the filing of its petition in this case. The amount necessary to cure the default on Note 6056, as of the date of filing, was $1,000.00. The amount necessary to cure the default on Note 7340, as of the date of filing, was $2,979.85. The amount necessary to cure the default on Note 7489, as of the date of filing, was $2,838.97. The amount necessary to cure the default on Note 4178, as of the date of filing, was $278.50. The amount necessary to cure the default on Note 9096, as of the date of filing, was $3055.66.

15.  As of the date of the filing of the petition, the balance due and owing with respect to the Notes was as follows:

   a.  $117,627.33 due and owing on Note 6056;

   b.  $381,561.76 due and owing on Note 7340;

   c.  $367,297.79 due and owing on Note 7489;

   d.  $36,148.31 due and owing on Note 4178; and

   e.  $442,675.62 due and owing on Note 9096.

16.  Debtor is continuing to use the Real Property and such use results in the depreciation of the value of the property.

17.  Debtor is also receiving rental income from the use of the Real Property, which should exceed the amounts necessary to service the debts owed to Bank pursuant to the terms of Notes.

18. In its proofs of claim, Bank estimates that the tracts that make up the Real Property are worth a combined value of approximately $1,410,000.00. However, Bank asserts that the value of the Real Property is not substantially greater than the amount of the debt on the Notes, as of the date of filing.

19. Due to the mere passage of time during the pendency of this proceeding, it is necessary to maintain the equilibrium between the value of the Real Property and the amount of the debt. The payment of adequate protection by Debtor to Bank is necessary in order to maintain any equity in the collateral so that it does not decrease and diminish Bank's secured status. The payment of adequate protection periodic payments to the Bank will maintain the secured position with respect to the debt.

20. Bank does not have, nor has it been offered, adequate protection for its interest in the Real Property.

21. If Bank is not permitted to receive adequate protection payments, it will suffer irreparable loss and damage.

22. Bank is entitled to adequate protection and requests an Order of the Court conditioning the Debtor's use of the Real Property and for Debtor to make adequate protection payments to Bank to protect and maintain Bank's interest in the collateral.

**WHEREFORE**, Bank prays that the Court enter an Order conditioning use of the Real Property and compelling Debtor to make payments to Bank as necessary to provide Bank with adequate protection, and for such other and further relief as the Court deems just in the premises.

LOWTHER JOHNSON, LLC

By: /s/ Lee J. Viorel
Lee J. Viorel, #36886
901 St. Louis Street, 20th Floor
Springfield, MO  65806
Office: (417) 866-7777
Fax No: (417) 866-1752
lviorel@lowtherjohnson.com

*Attorneys for Creditor,*
*Southern Missouri Bank of Marshfield*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by electronic notice or by United States Mail, First Class postage prepaid, this 25th day of September, 2017, to:

*Debtors' Counsel*
Ronald S. Weiss
Berman DeLeve Kuchan & Chapman
1100 Main Street, Suite 2850
Kansas City, MO  64105
rweiss@bdkc.com

*U.S. Trustee*
Lloyd E. Mueller
Office of the U.S. Trustee
400 E. 9th Street, Room 3440
Kansas City, MO  64106
lloyd.e.mueller@usdoj.gov

/s/ Lee J. Viorel
Lee J. Viorel