

038884-09    27 AUG 2009   10:00:00am

Book:2009
Page:038884-09
11 pages

recsmb

REAL ESTATE DOCUMENT
GREENE COUNTY, MISSOURI
RECORDERS CERTIFICATION

*Linda A. Montgomery*
RECORDER OF DEEDS

5100190938 Assgnmt of L & R
Due Date: 08/25/2009

———— State of Missouri ———— ———— Space Above This Line For Recording Data ————

# ASSIGNMENT OF LEASES AND RENTS

1. **DATE AND PARTIES.** The date of this Assignment of Leases and Rents (Assignment) is
   08-25-2009_____ . The parties and their addresses are:

   **ASSIGNOR/GRANTOR:**
   417 RENTALS, LLC, A Missouri Limited Liability Company
   5759 W. HIGHWAY 60
   BROOKLINE, MO 65619

   ☐ Refer to the Addendum that is attached and incorporated herein for additional
   Assignors/Grantors. The Addendum is on page(s) _____.

   **LENDER/GRANTEE:**
   Guaranty Bank
   Organized and existing under the laws of the state of Missouri
   1341 W. Battlefield
   Springfield, MO 65807

2. **ASSIGNMENT OF LEASES AND RENTS.** For good and valuable consideration, the
   receipt and sufficiency of which is acknowledged, and to secure the Secured Debts and
   Assignor's performance under this Assignment, Assignor irrevocably assigns, grants,
   bargains, and conveys to Lender as additional security all the right, title and interest in
   the following (all referred to as Property).

   A. The term Property as used in this Assignment shall include the following described
      real property: If the legal description of the Property is not on page one of this
      Assignment, it is on page(s) _____.

   The Property is located in _____ County at
   SEE EXHIBIT "A"
   _____
   (Address, City, State, ZIP Code).

ASSIGNMENT OF LEASES AND RENTS (NOT FOR FNMA, FHLMC, OR VA USE AND NOT FOR CONSUMER PURPOSES)    (page 1 of 10)
Expere® ©2001 Bankers Systems, Inc., St. Cloud, MN Form ASMT-RENT-MO 7/9/2004    _____

B. Existing or future leases, subleases, licenses, guaranties and any other written or verbal agreements for the use and occupancy of the Property, including any extensions, renewals, modifications or replacements (all referred to as Leases).

C. Rents, issues and profits (all referred to as Rents), including but not limited to security deposits, minimum rent, percentage rent, additional rent, common area maintenance charges, parking charges, real estate taxes, other applicable taxes, insurance premium contributions, liquidated damages following default, cancellation premiums, "loss of rents" insurance, guest receipts, revenues, royalties, proceeds, bonuses, accounts, contract rights, general intangibles, and all rights and claims which Assignor may have that in any way pertain to or are on account of the use or occupancy of the whole or any part of the Property.

In the event any item listed as Leases or Rents is determined to be personal property, this Assignment will also be regarded as a security agreement.

3. **MAXIMUM OBLIGATION LIMIT.** The total principal amount secured by this Assignment at any one time will not exceed $ <u>580,000.00</u>. This limitation of amount does not include interest and other fees and charges validly made pursuant to this Assignment. Also, this limitation does not apply to advances made under the terms of this Assignment to protect Lender's security and to perform any of the covenants contained in this Assignment.

4. **SECURED DEBTS.** This Assignment will secure the following Secured Debts:

    A. ☐ **Specific Debts.** The following debts and all extensions, renewals, refinancings, modifications and replacements. (Include items such as borrowers' names, note amounts, interest rates, maturity dates, etc.)

    ☐ One or more of the debts secured by this Assignment contains a future advance provision. This Assignment secures all future advances to Assignor from Lender or other future obligations of Assignor to Lender, as governed by Mo. Rev. Stat. § 443.055.

    B. ☒ **All Debts.** All present and future debts from Assignor and _____
    to Lender, even if this Assignment is not specifically referenced or if the future debt is unrelated to or of a different type than this debt. If more than one person signs this Assignment, each agrees that it will secure debts incurred either individually or with others who may not sign this Assignment. Nothing in this Assignment constitutes a commitment to make additional or future loans or advances. Any such commitment must be in writing. In the event that Lender fails to provide notice of the right of rescission, Lender waives any subsequent security interest in the Assignor's principal dwelling that is created by this Assignment. This Assignment will not secure any debt for which a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices. This Assignment will not secure any debt for which a security interest is created in "margin stock" and Lender does not obtain a "statement of purpose," as defined and required by federal law governing securities.

    C. **Sums Advanced.** All sums advanced and expenses incurred by Lender under the terms of this Assignment.

Experi® ©2001 Bankers Systems, Inc., St. Cloud, MN Form ASMT-RENT-MO 7/9/2004

5. **PAYMENTS.** Assignor agrees that all payments under the Secured Debts will be paid when due and in accordance with the terms of the Secured Debts and this Assignment.

6. **COLLECTION OF RENTS.** Assignor may collect, receive, enjoy and use the Rents so long as Assignor is not in default. Assignor will not collect in advance any Rents due in future lease periods, unless Assignor first obtains Lender's written consent. Upon default, Assignor will receive any Rents in trust for Lender and Assignor will not commingle the Rents with any other funds. When Lender so directs, Assignor will endorse and deliver any payments of Rents from the Property to Lender. Amounts collected will be applied at Lender's discretion to the Secured Debts, the costs of managing, protecting and preserving the Property, and other necessary expenses. Assignor agrees that this Assignment is immediately effective between Assignor and Lender. This Assignment will remain effective during any statutory redemption period until the Secured Debts are satisfied.
Unless otherwise prohibited or prescribed by state law, Assignor agrees that Lender may take actual possession of the Property without the necessity of commencing any legal action or proceeding. Assignor agrees that actual possession of the Property is deemed to occur when Lender notifies Assignor of Assignor's default and demands that Assignor and Assignor's tenants pay all Rents due or to become due directly to Lender. Immediately after Lender gives Assignor the notice of default, Assignor agrees that either Lender or Assignor may immediately notify the tenants and demand that all future Rents be paid directly to Lender.

7. **WARRANTIES AND REPRESENTATIONS.** To induce Lender to enter into the Loan, Assignor makes these representations and warranties for as long as this Assignment is in effect.
   A. **Power.** Assignor is duly organized, validly existing and in good standing under the laws in the jurisdiction where Assignor was organized and is duly qualified, validly existing and in good standing in all jurisdictions in which Assignor operates or Assignor owns or leases property. Assignor has the power and authority to enter into this transaction and to carry on Assignor's business or activity as now conducted.
   B. **Authority.** The execution, delivery and performance of this Assignment and the obligation evidenced by this Assignment: are within Assignor's duly authorized powers; has received all necessary governmental approval; will not violate any provision of law or order of court or governmental agency; and will not violate any agreement to which Assignor is a party or to which Assignor is or any of Assignor's property is subject.
   C. **Name and Place of Business.** Other than previously disclosed in writing to Lender, Assignor has not changed Assignor's name or principal place of business within the last ten years and has not used any other trade or fictitious name. Without Lender's prior written consent, Assignor does not and will not use any other name and will preserve Assignor's existing name, trade names and franchises.
   D. **Ownership or Lease of Property.** Assignor owns or leases all property that Assignor needs to conduct Assignor's business and activities. All of Assignor's property is free and clear of all liens, security interests, encumbrances and other adverse claims and interests, except those Lender previously agreed to in writing.
   E. **Compliance with Laws.** Assignor is not violating any laws, regulations, rules, orders, judgments or decrees applicable to Assignor or Assignor's property, except for those that Assignor is challenging in good faith through proper proceedings after providing adequate reserves to fully pay the claim and its challenge should Assignor lose.
   F. **Title.** Assignor has good title to the Leases, Rents and Property and the right to assign, grant, bargain and convey to Lender as additional security the Leases and Rents, and no other person has any right in the Leases and Rents.
   G. **Recordation.** Assignor has recorded the Leases as required by law or as otherwise prudent for the type and use of the Property.

H. **Default.** No default exists under the Leases, and the parties subject to the Leases have not violated any applicable law on leases, licenses and landlords and tenants. Assignor, at its sole cost and expense, will keep, observe and perform, and require all other parties to the Leases to comply with the Leases and any applicable law. If Assignor or any party to the Lease defaults or fails to observe any applicable law, Assignor will promptly notify Lender.

I. **Lease Modification.** Assignor has not sublet, modified, extended, canceled, or otherwise altered the Leases, or accepted the surrender of the Property covered by the Leases (unless the Leases so required).

J. **Encumbrance.** Assignor has not assigned, compromised, subordinated or encumbered the Leases and Rents.

8. **COVENANTS.** Assignor agrees to the following covenants:
   A. **Rent Abatement and Insurance.** When any Lease provides for an abatement of Rents due to fire, flood or other casualty, Assignor will insure against this risk of loss with a policy satisfactory to Lender. Assignor may choose the insurance company, subject to Lender's approval, which will not be unreasonably withheld.
   B. **Copies of Leases.** Assignor will promptly provide Lender with copies of the Leases and will certify these Leases are true and correct copies. The existing Leases will be provided on execution of the Assignment, and all future Leases and any other information with respect to these Leases will be provided immediately after they are executed.
   C. **Right to Rents.** After default and Lender taking the appropriate affirmative action, Assignor will notify all current and future tenants and others obligated under the Leases of Lender's right to the Leases and Rents.
   D. **Accounting.** When Lender requests, Assignor will provide to Lender an accounting of Rents, prepared in a form acceptable to Lender, subject to generally accepted accounting principles and certified by Assignor or Assignor's accountant to be current, accurate and complete as of the date requested by Lender.
   E. **Lease Modification.** Assignor will not sublet, modify, extend, cancel, or otherwise alter the Leases, or accept the surrender of the Property covered by the Leases (unless the Leases so required) without Lender's written consent.
   F. **Encumbrance.** Assignor will not assign, compromise, subordinate or encumber the Leases and Rents without Lender's prior written consent.
   G. **Future Leases.** Assignor will not enter into any future Leases without prior written consent from Lender. Assignor will execute and deliver such further assurances and assignments as to these future Leases as Lender requires from time to time.
   H. **Personal Property.** Assignor will not sell or remove any personal property on the Property, unless Assignor replaces this personal property with like kind for the same or better value.
   I. **Prosecution and Defense of Claims.** Assignor will appear in and prosecute its claims or defend its title to the Leases and Rents against any claims that would impair Assignor's interest under this Assignment and, on Lender's request, Assignor will also appear in any action or proceeding on behalf of Lender. Assignor agrees to assign to Lender, as requested by Lender, any right, claims or defenses which Assignor may have against parties who supply labor or materials to improve or maintain the leaseholds subject to the Leases and/or the Property.
   J. **Liability and Indemnification.** Lender does not assume or become liable for the Property's maintenance, depreciation, or other losses or damages when Lender acts to manage, protect or preserve the Property, except for losses or damages due to Lender's gross negligence or intentional torts to the extent permitted by law. Otherwise, Assignor will indemnify Lender and hold Lender harmless for all liability, loss or damage that Lender may incur when Lender opts to exercise any of its remedies against any party obligated under the Leases.
   K. **Leasehold Estate.** Assignor will not cause or permit the leasehold estate under the Leases to merge with Assignor's reversionary interest, and agrees that the Leases

shall remain in full force and effect regardless of any merger of the Assignor's interests and of any merger of the interests of Assignor and any party obligated under the Leases.

L. **Insolvency.** Lender will be the creditor of each tenant and of anyone else obligated under the Leases who is subject to an assignment for the benefit of creditors, an insolvency, a dissolution or a receivership proceeding, or a bankruptcy.

9. **TRANSFER OF AN INTEREST IN THE ASSIGNOR.** If Assignor is an entity other than a natural person (such as a corporation or other organization), Lender may demand immediate payment if:
   A. A beneficial interest in Assignor is sold or transferred.
   B. There is a change in either the identity or number of members of a partnership or similar entity.
   C. There is a change in ownership of more than 25 percent of the voting stock of a corporation or similar entity.
   However, Lender may not demand payment in the above situations if it is prohibited by law as of the date of this Assignment.

10. **DEFAULT.** Assignor will be in default if any of the following occur with regard to the Secured Debts that are secured by this Assignment:
    A. **Payments.** Assignor fails to make a payment in full when due.
    B. **Insolvency or Bankruptcy.** Assignor makes an assignment for the benefit of creditors or becomes insolvent, either because Assignor's liabilities exceed Assignor's assets or Assignor is unable to pay Assignor's debts as they become due; or Assignor petitions for protection under federal, state or local bankruptcy, insolvency or debtor relief laws, or is the subject of a petition or action under such laws and fails to have the petition or action dismissed within a reasonable period of time not to exceed 60 days.
    C. **Death or Incompetency.** If Assignor is an individual, Assignor dies or is declared legally incompetent.
    D. **Business Termination.** If Assignor is not an individual, Assignor merges, dissolves, reorganizes or ends its business or existence, or a partner or majority owner dies or is declared legally incompetent.
    E. **Failure to Perform.** Assignor fails to perform any condition or to keep any promise or covenant of this Assignment, any other document evidencing or pertaining to the Loan, or any other debt or agreement Assignor has with Lender.
    F. **Misrepresentation.** Assignor makes any verbal or written statement or provides any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.
    G. **Property Transfer.** Assignor transfers all or a substantial part of Assignor's money or property.
    H. **Property Value.** The value of the Property declines or is impaired.
    I. **Name Change.** Assignor changes Assignor's name or assumes an additional name without notifying Lender before making such a change.
    J. **Material Change.** Without first notifying Lender, there is a material change in Assignor's business, including ownership, management, and financial conditions.
    K. **Insecurity.** Lender reasonably believes that Lender is insecure.

11. **REMEDIES.** After Assignor defaults, and after Lender gives any legally required notice and opportunity to cure the default, Lender may at Lender's option do any one or more of the following:
    A. **Acceleration.** Lender may make all or any part of the amount owing by the terms of the Secured Debts immediately due.
    B. **Additional Security.** Lender may demand additional security or additional parties to be obligated to pay the Secured Debts.

C. **Sources.** Lender may use any and all remedies Lender has under the state law where the Property is located or federal law or in any instrument evidencing or pertaining to the Secured Debts.

D. **Insurance Benefits.** Lender may make a claim for any and all insurance benefits or refunds that may be available on Assignor's default.

E. **Payments Made On Assignor's Behalf.** Amounts advanced on Assignor's behalf will be immediately due and may be added to the Secured Debts.

F. **Rents.** Lender may terminate Assignor's right to collect Rents and directly collect and retain Rents in Lender's name without taking possession of the Property and to demand, collect, receive, and sue for the Rents, giving proper receipts and releases. In addition, after deducting all reasonable expenses of collection from any collected and retained Rents, Lender may apply the balance as provided for by the Secured Debts.

G. **Entry.** Lender may enter, take possession, manage and operate all or any part of the Property; make, modify, enforce or cancel or accept the surrender of any Leases; obtain or evict any tenants and licensees; increase or reduce Rents; decorate, clean and make repairs or do any other act or incur any other cost Lender deems proper to protect the Property as fully as Assignor could do. Any funds collected from the operation of the Property may be applied in such order as Lender may deem proper, including, but not limited to, payment of the following: operating expenses, management, brokerage, attorneys' and accountants' fees, the Secured Debts, and toward the maintenance of reserves for repair or replacement. Lender may take such action without regard to the adequacy of the security, with or without any action or proceeding, through any person or agent, or receiver to be appointed by a court, and irrespective of Assignor's possession. The collection and application of the Rents or the entry upon and taking possession of the Property as set out in this section shall not cure or waive any notice of default under the Secured Debts, this Assignment, or invalidate any act pursuant to such notice. The enforcement of such remedy by Lender, once exercised, shall continue for so long as Lender shall elect, notwithstanding that such collection and application of Rents may have cured the original default.

H. **Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

12. **APPOINTMENT OF A RECEIVER.** On or after an Assignor's default, Assignor agrees to Lender making an application to the court for an appointment of a receiver for the benefit of Lender to take possession of the Property and the Leases, with the power to receive, collect and apply the Rents. Any Rents collected will be applied as the court authorizes to pay taxes, to provide insurance, to make repairs and to pay costs or any other expenses relating to the Property, the Leases and Rents, and any remaining sums shall be applied to the Secured Debts. Assignor agrees that this appointment of a receiver may be without giving bond, without reference to the then-existing value of the Property, and without regard to the insolvency of any person liable for any of the Secured Debts.

13. **COLLECTION EXPENSES AND ATTORNEYS' FEES.** To the extent permitted by law, Assignor agrees to pay all expenses of collection, enforcement or protection of Lender's rights and remedies under this Assignment. Unless the applicable law that governs this Assignment is North Dakota, expenses include, but are not limited to, reasonable attorneys' fees, court costs and other legal expenses. These expenses are due and payable immediately. These expenses will bear interest from the date of payment until paid in full at the contract interest rate then in effect for the Loan. To the

extent permitted by the United States Bankruptcy Code, Assignor agrees to pay the reasonable attorneys' fees Lender incurs to collect this Assignment as awarded by any court exercising jurisdiction under the Bankruptcy Code.

14. **ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste," "hazardous substance," or "regulated substances" under any Environmental Law.

Assignor represents, warrants and agrees that:
A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance has been, is, or will be located, transported, manufactured, treated, refined, or handled by any person on, under or about the Property, except in the ordinary course of business and in strict compliance with all applicable Environmental Law.
B. Except as previously disclosed and acknowledged in writing to Lender, Assignor has not and will not cause, contribute to, or permit the release of any Hazardous Substance on the Property.
C. Assignor will immediately notify Lender if (1) a release or threatened release of Hazardous Substance occurs on, under or about the Property or migrates or threatens to migrate from nearby property; or (2) there is a violation of any Environmental Law concerning the Property. In such an event, Assignor will take all necessary remedial action in accordance with Environmental Law.
D. Except as previously disclosed and acknowledged in writing to Lender, Assignor has no knowledge of or reason to believe there is any pending or threatened investigation, claim, or proceeding of any kind relating to (1) any Hazardous Substance located on, under or about the Property; or (2) any violation by Assignor or any tenant of any Environmental Law. Assignor will immediately notify Lender in writing as soon as Assignor has reason to believe there is any such pending or threatened investigation, claim, or proceeding. In such an event, Lender has the right, but not the obligation, to participate in any such proceeding including the right to receive copies of any documents relating to such proceedings.
E. Except as previously disclosed and acknowledged in writing to Lender, Assignor and every tenant have been, are and will remain in full compliance with any applicable Environmental Law.
F. Except as previously disclosed and acknowledged in writing to Lender, there are no underground storage tanks, private dumps or open wells located on or under the Property and no such tank, dump or well will be added unless Lender first consents in writing.
G. Assignor will regularly inspect the Property, monitor the activities and operations on the Property, and confirm that all permits, licenses or approvals required by any applicable Environmental Law are obtained and complied with.
H. Assignor will permit, or cause any tenant to permit, Lender or Lender's agent to enter and inspect the Property and review all records at any reasonable time to determine (1) the existence, location and nature of any Hazardous Substance on, under or about the Property; (2) the existence, location, nature, and magnitude of any Hazardous Substance that has been released on, under or about the Property; or (3) whether or not Assignor and any tenant are in compliance with applicable Environmental Law.

   I. Upon Lender's request and at any time, Assignor agrees, at Assignor's expense, to engage a qualified environmental engineer to prepare an environmental audit of the Property and to submit the results of such audit to Lender. The choice of the environmental engineer who will perform such audit is subject to Lender's approval.
   J. Lender has the right, but not the obligation, to perform any of Assignor's obligations under this section at Assignor's expense.
   K. As a consequence of any breach of any representation, warranty or promise made in this section, (1) Assignor will indemnify and hold Lender and Lender's successors or assigns harmless from and against all losses, claims, demands, liabilities, damages, cleanup, response and remediation costs, penalties and expenses to the extent permitted by law, including without limitation all costs of litigation and attorneys' fees, which Lender and Lender's successors or assigns may sustain; and (2) at Lender's discretion, Lender may release this Assignment and in return Assignor will provide Lender with collateral of at least equal value to the Property secured by this Assignment without prejudice to any of Lender's rights under this Assignment.
   L. Notwithstanding any of the language contained in this Assignment to the contrary, the terms of this section will survive any foreclosure or satisfaction of this Assignment regardless of any passage of title to Lender or any disposition by Lender of any or all of the Property. Any claims and defenses to the contrary are hereby waived.

**15. TERM.** This Assignment will remain in full force and effect until the Secured Debts are paid or otherwise discharged and Lender is no longer obligated to advance funds under any loan or credit agreement which is a part of the Secured Debts. If any or all payments of the Secured Debts are subsequently invalidated, declared void or voidable, or set aside and are required to be repaid to a trustee, custodian, receiver or any other party under any bankruptcy act or other state or federal law, then the Secured Debts will be revived and will continue in full force and effect as if this payment had not been made.

**16. CO-SIGNERS.** If Assignor signs this Assignment but does not sign the Secured Debts, Assignor does so only to assign Assignor's interest in the Property to secure payment of the Secured Debts and Assignor does not agree to be personally liable on the Secured Debts. If this Assignment secures a guaranty between Lender and Assignor, Assignor agrees to waive any rights that may prevent Lender from bringing any action or claim against Assignor or any party indebted under the obligation. These rights may include, but are not limited to, any anti-deficiency or one-action laws.

**17. WAIVERS.** Except to the extent prohibited by law, Assignor waives all appraisement and homestead exemption rights relating to the Property.

**18. U.C.C. PROVISIONS.**
   ☐ **Construction Loan.** This Assignment secures an obligation incurred for the construction of an improvement on the Property.

**19. OTHER TERMS.** If checked, the following are applicable to this Assignment:
   ☐ **Line of Credit.** The Secured Debts include a revolving line of credit provision. Although the Secured Debts may be reduced to a zero balance, this Assignment will remain in effect until the Secured Debts and all underlying agreements have been terminated in writing by Lender.
   ☐ **Additional Terms.**

Exp̄erē® ©2001 Bankers Systems, Inc., St. Cloud, MN Form ASMT-RENT-MO 7/9/2004



20. **APPLICABLE LAW.** This Assignment is governed by the laws of Missouri, except to the extent otherwise required by the laws of the jurisdiction where the Property is located, and the United States of America.

21. **JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** Each Assignor's obligations under this Assignment are independent of the obligations of any other Assignor. Lender may sue each Assignor individually or together with any other Assignor. Lender may release any part of the Property and Assignor will still be obligated under this Assignment for the remaining Property. The duties and benefits of this Assignment will bind and benefit the successors and assigns of Lender and Assignor.

22. **AMENDMENT, INTEGRATION AND SEVERABILITY.** This Assignment may not be amended or modified by oral agreement. No amendment or modification of this Assignment is effective unless made in writing and executed by Assignor and Lender. This Assignment is the complete and final expression of the agreement. If any provision of this Assignment is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable.

23. **INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Assignment.

24. **NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail and by registered or certified mail, return receipt requested, to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one party will be deemed to be notice to all parties. Assignor will inform Lender in writing of any change in Assignor's name, address or other application information. Assignor will provide Lender any financial statements or information Lender requests. All financial statements and information Assignor gives Lender will be correct and complete. Assignor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Assignor's obligations under this Assignment and to confirm Lender's lien status on any Property. Time is of the essence.

**Oral Agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable, regardless of the legal theory upon which it is based that is in any way related to the credit agreement. To protect you (Assignor) and us (Lender) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.**

25. **SIGNATURES.** By signing, Assignor agrees to the terms and covenants contained in this Assignment. Assignor also acknowledges receipt of a copy of this Assignment.

417 RENTALS, LLC
(Entity Name)

_[signature]_

CHRIS GATLEY, MEMBER

**ACKNOWLEDGMENT:**

(Assignor Acknowledgment)

STATE OF Missouri _____, _____, OF _____ } ss
On this 25th day of August, 2009, before me appeared CHRIS GATLEY, MEMBER _____,
☐ to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that _____ executed the same as _____ free act and deed.
☐ to me personally known, who, being by me duly sworn did say that s/he is the _____ (Title(s)) of _____ (Name of Business or Entity) and that the seal affixed to foregoing instrument is the corporate seal of said corporation or association, and that said instrument was signed and sealed in behalf of said corporation or association by authority of its board of directors or trustees, and said _____ acknowledged said instrument to be the free act and deed of said corporation or association.
☒ to me personally known, who, being by me duly sworn did say that s/he is the MEMBER _____ (Title(s)) of 417 RENTALS, LLC _____ (Name of Business or Entity) and that said instrument was signed and sealed in behalf of said corporation or association by authority of its board of directors or trustees, and said CHRIS GATLEY _____ acknowledged said instrument to be the free act and deed of said corporation or association and that said corporation or association has no corporate seal.
My commission expires:

_____
(Notary Public)

NICOLE HEDRICK
Notary Public - Notary Seal
STATE OF MISSOURI
Greene County – Comm.#05790573
My Commission Expires Oct. 31, 2009

TRACT I:
ALL OF LOT SIX (6), IN BLOCK TWO (2), IN ENGLEWOOD ADDITION, IN THE CITY OF SPRINGFIELD, GREENE COUNTY, MISSOURI.

TRACT II:
ALL OF LOT SEVEN (7), BLOCK FOURTEEN (14), OZARK HEIGHTS ADDITION TO SPRINGFIELD, GREENE COUNTY, MISSOURI.

TRACT III:
THE NORTH 125 FEET OF LOT SEVEN (7) IN G.S. CATLIN'S FIRST ADDITION IN THE CITY OF SPRINGFIELD, GREENE COUNTY, MISSOURI.

TRACT IV:
ALL OF LOT THIRTY-THREE (33) IN INSIDE ADDITION, IN THE CITY OF SPRINGFIELD, GREENE COUNTY, MISSOURI.

TRACT V:
ALL OF LOT SEVEN (7), IN GEIGER AND ABBOTTS ADDITION TO THE CITY OF SPRINGFIELD, GREENE COUNTY, MISSOURI.

TRACT VI:
BEGINNING 50 FEET NORTH OF THE NORTHEAST CORNER OF STATE AND CAMPBELL STREETS, IN THE CITY OF SPRINGFIELD, MISSOURI, THENCE NORTH 50 FEET; THENCE EAST 105 FEET; THENCE SOUTH 46 FEET; THENCE WEST 28 FEET; THENCE SOUTH 4 FEET; THENCE WEST 77 FEET TO THE PLACE OF BEGINNING, ALL IN THE CITY OF SPRINGFIELD, GREENE COUNTY, MISSOURI.

TRACT VII:
THE SOUTH NINETY-NINE (99) FEET OF LOTS ELEVEN (11) AND TWELVE (12), IN BLOCK TWENTY-SEVEN (27), WESTPORT, AN ADDISON TO SPRINGFIELD, GREENE COUNTY, MISSOURI.

TRACT VIII:
ALL OF LOT NINE (9) IN CRESCENT ADDITION TO THE CITY OF SPRINGFIELD, GREENE COUNTY, MISSOURI.

TRACT IX:
ALL OF LOT FORTY-FIVE (45), IN OLLIS BROTHERS WOODLAND HEIGHTS ADDITION, A SUBDIVISION IN THE CITY OF SPRINGFIELD, GREENE COUNTY, MISSOURI.

TRACT X:
ALL OF LOT TWELVE (12), BLOCK TWENTY-FOUR (24), IN NORTH SPRINGFIELD, NOW A PART OF THE CITY OF SPRINGFIELD, GREENE COUNTY, MISSOURI.