UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| 417 RENTALS, LLC ) | |
| ) | CASE NO. 17-60935-can11 |
| Debtor. ) | |

## MOTION OF GREAT SOUTHERN BANK FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED IN GREENE COUNTY, MISSOURI, OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION AND TO CONDITION USE OF CASH COLLATERAL

**COMES NOW** Creditor, Great Southern Bank (hereinafter "Great Southern"), a secured creditor and party in interest in the above-styled case, by and through its counsel undersigned, and for its Motion for Relief from Automatic Stay, or alternatively, for Adequate Protection and to Condition Use of Cash Collateral, states to the Court as follows:

1. On August 25, 2017, an order for relief under Chapter 11 of the United States Bankruptcy Code was entered on behalf of Debtor 417 Rentals, LLC ("Debtor") and Debtor has remained in possession of its real and personal property since that date, operating as a debtor-in-possession.

2. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157, and this is a core proceeding concerning property of the estate pursuant to 28 U.S.C. § 157(b).

3. Great Southern brings this action under 11 U.S.C. § 362 and Rule 4001 of the Bankruptcy Rules, reserving all rights under 11 U.S.C. § 362(e).

4. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5. Upon information and belief, Debtor Christopher E. Gatley ("Gatley") is the sole member of Debtor.

6. Great Southern is the holder of nine (9) promissory notes executed by Debtor having an aggregate amount due and owing of $1,390,582.30, plus additional accruing interest, late charges and attorney fees, all notes being secured by Deeds of Trust to debtor's real estate rental properties located in Greene County, Missouri as summarized on Exhibit "A" hereto. The Claims are further documented by Great Southern's Proofs of Claims filed on September 27, 2017 as Claim Numbers 39 through 47 in this proceeding, and are incorporated by reference (the "Claims"). All real estate securing the Claims is referred to herein as the "Collateral".

7. As of August 25, 2017, all of the Promissory Notes are in default.

8. The Debtor is in possession of the Collateral, and the Collateral is generating rents which are being collected by the Debtor. Such rents have been assigned to Great Southern under the terms of the Deeds of Trust and Assignment of Rents, copies of which are included with the Claims. All such rents, including the proceeds thereof, constitute Great Southern's "Cash Collateral" under the U.S. Bankruptcy Code.

9. Great Southern does not consent to Debtor's use of the Cash Collateral for any purpose other than making payment to Great Southern on its Claims.

10. Great Southern's interest in the Collateral and the Cash Collateral is not adequately protected in that the Debtor is in default on the Claims, the Debtor is making no payments on the Claims, there is little or no equity in the Collateral, the value of Great Southern's interest in the Collateral is steadily eroding by the accrual of interest,

late charges and recoverable legal expenses on the Claims, and the Debtor's continued use, depletion and depreciation of the Collateral, as well as the Debtor's unauthorized use of the Cash Collateral.

11. Cause exists under 11 U.S.C. § 362(d)(1) for terminating or modifying the automatic stay to allow Great Southern to enforce its rights under applicable non-bankruptcy law, including proceeding forward with a foreclosure of the real property. Further all, or a substantial portion of, the Collateral encumbered by the Deeds of Trust are occupied by tenants, and the properties continue to depreciate to the detriment and irreparable harm of Great Southern.

12. Moreover, any use by Debtor or its principals of the Cash Collateral is absolutely prohibited under § 363(c)(2) of the Bankruptcy Code and other applicable law without the consent of Great Southern or a Court order, neither of which have been granted. Great Southern will suffer irreparable harm unless the Court enters an order prohibiting Debtor's use of the Cash Collateral or conditioning any such use on Debtor providing adequate protection to Great Southern of its interest in the Collateral and Cash Collateral.

13. Great Southern asserts an administrative expense priority claim for any unauthorized use by the Debtor of Great Southern's Cash Collateral.

14. Due to the mere passage of time during the pendency of this proceeding, it is necessary to maintain the equilibrium between the value of the Collateral and the amount of the debt. The payment of adequate protection by Debtor to Great Southern is necessary in order to maintain any equity in the collateral so that it does not decrease and diminish Great Southern's secured status. The payment of adequate protection

periodic payments to the Great Southern will maintain the secured position with respect to the debt.

15. Great Southern does not have, nor has it been offered, adequate protection for its interest in the Collateral to date.

16. If Great Southern is not permitted to receive adequate protection payments, it will suffer irreparable loss and damage.

17. At a minimum, Great Southern is entitled to adequate protection and requests an Order of the Court conditioning the Debtor's use of the Collateral and for Debtor to make adequate protection payments to Great Southern to protect and maintain Great Southern's interest in the Collateral in the event the stay is not lifted or modified otherwise.

**WHEREFORE**, Creditor Great Southern Bank prays that the Court enter an Order lifting the automatic stay of 11 U.S.C. § 362 allowing it to foreclose upon the real property which is encumbered by the deeds of trust securing the debt as described herein, or in the alternative, for an Order conditioning use of the Collateral and Cash Collateral and compelling Debtor to make payments to Great Southern as necessary to provide Great Southern with adequate protection, for an allowed administrative expense priority claim in the amount of any unauthorized use of the Cash Collateral, for waiver of the requirements of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CARNAHAN, EVANS, CANTWELL
& BROWN, P.C.


By: /s/ Christiaan Horton
    Christiaan D. Horton
    Missouri Bar No. 46003

CARNAHAN, EVANS, CANTWELL
& BROWN, P.C.
2805 S. Ingram Mill Road
P.O. Box 10009
Springfield, MO 65808-0009
Phone: (417) 447-4400
Fax: (417) 447-4401
Email: chorton@cecb.com
*Attorneys for Creditor*
*Great Southern Bank*


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System, pursuant to instructions appearing on the electronic filing receipt received from the U.S. Bankruptcy Court and to the following by U.S. Mail, postage prepaid this 29th day of September, 2017:

Ronald S. Weiss, Esq
1100 Main, Suite 2850
Kansas City, MO 64105
rweiss@bdkc.com

Lloyd E. Mueller, Esq.
400 E. 9th St., Room 3440
Kansas City, MO 64106
Lloyd.e.mueller@usdoj.gov


/s/ Christiaan D. Horton
    Christiaan D. Horton

5