IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: | ) |
| | ) |
| 417 RENTALS, | ) Case Number 17-60935 |
| | ) |
| | ) |
| | ) |

## MOTION FOR ADEQUATE PROTECTION

**COMES NOW**, creditor Bank of Bolivar, a secured creditor and party in interest in the above-styled case, and moves the Court for an Order conditioning use of the Real Property, as defined below, and compelling Debtor to make payments to Bank of Bolivar as necessary to provide Bank of Bolivar with adequate protection, and, in support thereof, states to the Court the following:

1. An order for relief under Chapter 11 of the United States Bankruptcy Code was entered on behalf of Debtor 417 Rentals, LLC ("Debtor") on August 25, 2017. Debtor has remained in possession of its real and personal property since said date.

2. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 157, and this is a core proceeding dealing with property of the estate.

3. Bank of Bolivar is the holder of a promissory note executed by Debtor on or about January 27, 2013 in which Chris Gatley, as sole member, executed, for value received, on behalf of Debtor, a note in the original principal amount of $98,664.26 payable to Bank of Bolivar ("Note 9611"). Debtor promised to repay the principal amount of $98,664.26 together with interest at the rate of 4.67%, upon Bank of Bolivar's demand or, if no demand is made, by making monthly payments of $636.86 on the 27th day of each month for 59 months, beginning on February 27, 2013 and continuing until January 27, 2018 when the entire remaining balance of the loan would become due. A true and accurate copy of Note 9611 is

attached hereto as **Exhibit A** and incorporated herein by reference.

    4.    Note 9611 was secured by a future advance and future obligation deed of trust dated August 27, 2008 (hereinafter "Deed of Trust 9611") in certain real estate in Greene County, Missouri. Deed of Trust 9611 also contains an assignment of rents and leases. Deed of Trust 9611 was recorded on August 29, 2008, with the Greene County Recorder of Deeds Office in Book 2008 at Page 037040-08. A true and accurate copy of Deed of Trust 9611 is attached hereto as **Exhibit B** and incorporated herein by reference.

    5.    Bank of Bolivar is the holder of a promissory note executed by Debtor on or about November 27, 2013 in which Chris Gatley, as sole member, executed, for value received, on behalf of Debtor, a note in the original principal amount of $480,295.28 payable to Bank of Bolivar ("Note 9610"). Debtor promised to repay the principal amount of $480,295.28 together with interest at the rate of 4.75%, upon Bank of Bolivar's demand or, if no demand is made, by making monthly payments of $3,752.73 on the 27th day of each month for 59 months, beginning on December 27, 2013 and continuing until November 27, 2018 when the entire remaining balance of the loan would become due. A true and accurate copy of Note 9610 is attached hereto as **Exhibit C** and incorporated herein by reference.

    6.    Note 9610 was also secured Deed of Trust 9611.

    7.    Bank of Bolivar is the holder of a promissory note executed by Debtor on or about June 28, 2017 in which Chris Gatley, as sole member, executed, for value received, on behalf of Debtor, a note in the original principal amount of $258,494.74 payable to Bank of Bolivar ("Note 2082"). Debtor promised to repay the principal amount of $259,494.74 together with interest at the rate of 7.00%, upon Bank of Bolivar's demand or, if no demand is made, by making two regular payments of $1,856.05 and one irregular payment of

3

$259,757.24 on October 5, 2017. A true and accurate copy of Note 2082 is attached hereto as **Exhibit D** and incorporated herein by reference.

8. Note 2082 was secured by a future advance and future obligation deed of trust dated May 24, 2010 (hereinafter "Deed of Trust 2082") in certain real estate in Greene County, Missouri. Deed of Trust 2082 also contains an assignment of rents and leases. Deed of Trust 2082 was recorded on May 25, 2010, with the Greene County Recorder of Deeds Office in Book 2010 at Page 019816-10. A true and accurate copy of Deed of Trust 2082 is attached hereto as **Exhibit E** and incorporated herein by reference.

9. Bank of Bolivar is the holder of a promissory note executed by Debtor on or about June 28, 2017 in which Chris Gatley, as sole member, executed, for value received, on behalf of Debtor, a note in the original principal amount of $401,064.44 payable to Bank of Bolivar ("Note 2081"). Debtor promised to repay the principal amount of $401,064.44 together with interest at the rate of 7.00%, upon Bank of Bolivar's demand or, if no demand is made, by making two regular payments of $3,113.25 and one irregular payment of $402,552.58 on October 5, 2017. A true and accurate copy of Note 2081 is attached hereto as **Exhibit F** and incorporated herein by reference.

10. Note 2081 was secured by a future advance and future obligation deed of trust dated May 24, 2010 (hereinafter "Deed of Trust 2081") in certain real estate in Greene County, Missouri. Deed of Trust 2082 also contains an assignment of rents and leases. Deed of Trust 2081 was recorded on May 25, 2010, with the Greene County Recorder of Deeds Office in Book 2010 at Page 019815-10. A true and accurate copy of Deed of Trust 2081 is attached hereto as **Exhibit G** and incorporated herein by reference.

11. The real property described in **Exhibit B, Exhibit F and Exhibit G are**

hereinafter collectively referred to as the "Real Property" and are used by the Debtor as income generating rental properties.

12. Debtor defaulted on payments due under Notes 9611, 9610, 2082 and 2081 prior to the filing of its petition in this case. The amount necessary to cure the default on Note 9611, as of the date of filing, was $732.38. The amount necessary to cure the default on Note 9610, as of the date of filing, was $4,315.65. The amount necessary to cure the default on Note 2082, was $185605. The amount necessary to cure the default on Note 2081, was $3,113.25.

13. As of the date of the filing of the petition, the balance due and owing with respect to the Notes was as follows: $74,713.64 due and owing on Note 9611; $405,364.51 due and owing on Note 9610, $257,319.15 due and owing on Note 2082; and $398,771.94 due and owing on Note 2081.

14. Debtor is continuing to use the Real Property and such use results in the depreciation of the value of the property.

15. Debtor is also receiving rental income from the use of the Real Property, which should exceed the amounts necessary to service the debts owed to Bank of Bolivar, pursuant to the terms of Note 9611, Note 9610, Note 2082 and Note 2081.

16. In its proofs of claim, Bank of Bolivar estimates that the tracts that make up the Real Property are worth a combined value of approximately $1,225,000.00. However, Bank of Bolivar asserts that the value of the Real Property is not substantially greater than the amount of the debt on Note 9611, Note 9610, Note 2082 and Note 2081, as of the date of filing.

17. Due to the mere passage of time during the pendency of this proceeding, it is

3

necessary to maintain the equilibrium between the value of the Real Property and the amount of the debt. The payment of adequate protection by Debtor to Bank of Bolivar is necessary in order to maintain any equity in the collateral so that it does not decrease and diminish Bank of Bolivar's secured status. The payment of adequate protection periodic payments to Bank of Bolivar will maintain the secured position with respect to the de

18. Bank of Bolivar does not have, nor has it been offered, adequate protection for its interest in the Property.

19. If Bank of Bolivar is not permitted to receive adequate protection payments, it will suffer irreparable loss and damage.

20. Bank of Bolivar is entitled to adequate protection and requests an Order of the Court conditioning the Debtor's use of the Real Property and for Debtor to make adequate protection payments to Bank to protect and maintain Bank's interest in the collateral.

**WHEREFORE**, Bank of Bolivar prays that the Court enter an Order conditioning use of the Real Property and compelling Debtor to make payments to Bank of Bolivar as necessary to provide Bank with adequate protection and for such other and further relief as the Court deems just in the premises.

          HOSMER KING & ROYCE, LLC


          By_____/s/ Stuart H. King_____
                Stuart H. King
                Missouri Bar No. 39410

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November, 2017, the foregoing document was electronically filed with the Clerk of the Court, and a copy was served electronically on all parties through the ECF filing system.

        /s/Stuart H. King
Attorney of Record

HOSMER KING & ROYCE, LLC
313 South Glenstone
Post Office Box 1245
Springfield, Missouri  65801
Telephone:    (417) 869-9999
Facsimile:    (417) 869-2099
E-mail:    stuart.king@hkrlawoffice.com

3