IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
(Springfield)

| | |
|---|---|
| **In re:**<br><br>**417 Rentals, LLC**<br><br>**Debtor.**<br><br>---<br><br>**Legacy Bank and Trust**<br><br>**Movant.** | Case #17-60935-can11<br><br>Chapter 11 |

## STIPULATION FOR ADEQUATE PROTECTION FOR
## LEGACY BANK AND TRUST

**COMES NOW** 417 Rentals, LLC ("Debtor") and Legacy Bank and Trust ("Bank") and stipulate and agree as follows:

1. The Debtor commenced this proceeding pursuant to Chapter 11 of Title 11 of the United States Code on August 25, 2017

2. On October 11, 2017, the Bank filed a motion for relief from stay and for adequate protection (the "Motion").

3. The Debtor did not file an objection to the Motion and on October 31, 2017, the Court entered an order granting the Motion as to the requested relief from stay.

4. As part of the Motion, the Bank seeks adequate protection of its interest in several parcels of real estate securing payment of indebtedness owed by Debtor as follows:

    a. A Promissory Note dated March 2, 2012 in the original principal amount of $470,000.00, as modified by Modification Agreement dated March 2, 2017 ("Loan

1644"), payment of which is secured by a Deed of Trust dated March 2, 2012 granted by Debtor covering real property in Greene County, Missouri and located generally at 2721 W. Lincoln, Springfield, Missouri; 816 N. National, Springfield, Missouri; 826 W. Weaver, Springfield, Missouri; 2615 W. Page, Springfield, Missouri; 221 S. Broadway, Springfield, Missouri; 141 S. Main, Springfield, Missouri; 440 W. US Hwy 60, Republic, Missouri; 1651 N. Engle, Springfield, Missouri; 2954 W. Water, Springfield, Missouri; and 1026 N. West, Springfield, Missouri. True and accurate copies of the Promissory Note, as modified, and Deed of Trust are attached to the Motion as **Exhibits "A"** and "**B**" and incorporated by reference herein. As of August 25, 2017, after all applicable credits, Loan 1644 had an outstanding balance of $424,528.86, consisting of $421,347.73 in principal, $1,603.79 in interest and $1,577.34 in late charges.

      b.     A Promissory Note dated August 10, 2012 in the original principal amount of $530,000.00, as modified by Modification Agreement dated August 10, 2017 ("Loan 3477"), payment of which is secured by a Deed of Trust granted by Debtor dated August 10, 2012 covering real property in Greene County, Missouri and located generally at 2134 N. Kansas Expressway, Springfield, Missouri; 2021-2025 N. Pierce, Springfield, Missouri; 3225 W. Latoka, Springfield, Missouri; 1506 E. Lindberg, Springfield, Missouri; 1312-1314 S. Brite, Springfield, Missouri; 918 N. Brown, Springfield, Missouri; 2541 E. Bennett, Springfield, Missouri; 1121 N. Park Avenue, Springfield, Missouri. Copies of said Promissory Note, as modified, and Deed of Trust, are attached to the Motion as **Exhibits "C"** and "**D**" respectively, and incorporated by reference herein. As of August 25, 2017, Loan 3477 had an outstanding balance of $487,399.50,

Case 17-60935-can11   Doc 182   Filed 11/08/17   Entered 11/08/17 17:26:15   Desc
Main Document    Page 3 of 7

consisting of $484,197.07 in principal, $1,237.61 in interest and $1,964.82 in late charges.

  c. A Promissory Note dated April 18, 2013 in the original principal amount of $360,000.00 ("Loan 3752"), payment of which is secured by a Deed of Trust granted by Debtor dated April 18, 2013 covering real property in Greene County, Missouri and located generally at 2731 W. College, Springfield, Missouri; 729 W. Chicago, Springfield, Missouri; 611 N. Warren Avenue, Springfield, Missouri; 939 S. Fort, Springfield, Missouri; 1074 S. New, Springfield, Missouri; 2321 N. Kellett, Springfield, Missouri; 1932 W. Chestnut, Springfield, Missouri; and 3242 W. Page, Springfield, Missouri.  Copies of said Promissory Note and Deed of Trust are attached to the Motion as **Exhibits "E"** and "**F**" respectively, and incorporated by reference herein.  As of August 25, 2017, Loan 3752 had an outstanding balance of $335,027.23, consisting of $333,071.68 in principal, $1,712.21 in interest and $243.44 in late charges.

  d. A Promissory Note dated January 18, 2013 in the original principal amount of $250,000.00 as modified by Modification Agreement dated May 13, 2017 ("Loan 3612"), payment of which is secured by a deposit account held by Legacy Bank and Trust and owned by Christopher E. Gatley (the "Deposit Account Assignment"). True and accurate copies of said Promissory Note, as modified, and Assignment of Deposit Account are attached to the Motion as **Exhibits "G"** and "**H**" respectively, and incorporated by reference herein.

5. The Debtor and the Bank have engaged in discussions and have reached an agreement for adequate protection based upon the following terms:

    a.    Commencing on November 15, 2017, and on the 15th day of each month thereafter the Debtor shall make payment of accrued monthly interest together with an additional sum as noted as escrow for 2017 real estate taxes as follows:

        i.    Loan 1644: Interest $1,878.05; Tax Escrow $672.36.

        ii.    Loan 3477: Interest $2,256.08; Tax Escrow $737.00.

        iii.    Loan 3752: Interest $1,488.55; Tax Escrow $545.38.

        iv.    Loan 3612: Interest $517.96.[1]

    b.    The Bank shall have a replacement lien retroactive to the Petition Date, on all post-petition rent as well as all other collateral securing payment of Bank's loans to Debtor (the "Replacement Lien"). Debtors admit that all such rent and cash proceeds from the bank's collateral constitute cash collateral within the meaning of 11 U.S.C. § 363(a) ("Cash Collateral"). Without prior approval of the Court or the consent of the Bank, Debtor shall pay the reasonable amounts which are actual, necessary expenses of maintaining the properties including all post-petition real estate taxes as and when due and insurance costs. The Bank shall be notified of any failure or inability to do so. In no event should Cash Collateral be used to pay pre-petition claims or obligations (other the Bank's secured claims) or obligations to insiders unless specifically authorized by separate order from this Court. Debtor shall notify the Bank and obtain the Bank's consent three business days prior to making any expenditure related to any property constituting the Bank's collateral in excess of $1,500.00 and obtain the Bank's consent

---

[1] Payment of Loan 3612 is secured by a deposit account with Bank owned by Christopher Gatley individually (the "Deposit Account"). Bank asserts that the Deposit Account is not property of the estate and may be applied to the balance of said loan at this time. By entering into this Stipulation, Bank does not waive its right to enforce its security interest in the Deposit Account or to seek further stay relief with respect thereto out of an abundance of caution. In the event the balance of the Deposit Account is applied to the balance on Loan 3612 the adequate protection payment provided for herein applicable to Loan 3612 shall cease.

before making such expenditure. The Bank reserves the right to object to any specific expenditure of cash collateral.

      c.      Upon reasonable demand by the Bank, the Debtor will cooperate allowing inspection of the Bank's collateral at mutually convenient times.

      d.      The Debtor will make all necessary repairs and improvements, and maintain the properties in a satisfactory condition.

      e.      The Debtor will promptly respond to and cure any deficiencies or complaints by any governmental unit involving code violations or other regulatory requirements, including prompt response to any nuisance abatement notices.

      f.      The Debtor shall maintain proper and reasonable insurance coverage on the real property collateral securing Bank's loans to Debtor with its existing insurance carrier or with a company rated B+ or better in the *Best Guide* naming the Bank as an additional insured, with proof of coverage to be provided to the Bank within 10 days of this agreement.

      g.      The Debtor shall continue to comply with all provisions of the relevant loan documents.

6.      In the event the Debtor fails to comply with one or more of the above terms, and thereafter fails to cure such noncompliance within ten business days' notice from the Bank to the Debtor's attorney, the Debtor shall be in default under the terms of this Stipulation, and such default shall constitute lack of adequate protection.  Such default will result in the Stay being lifted without further order of the Court and Bank may exercise its rights and remedies with respect to all collateral security payment of Bank's loans to Debtor as set forth in the Motion

under state or other applicable non-bankruptcy law without further notice or order of the court. Additionally, Debtor's right to use Cash Collateral shall terminate.

7.  This Stipulation constitutes a security agreement between Debtor and Bank, and Debtor grants to Bank, as additional adequate protection for Debtor's post-petition use of the Collateral, including the Cash Collateral, and pursuant to 11 U.S.C. §§361(2), 363(e), and 552(b), retroactive to the Petition Date, a replacement lien and security interest on all collateral securing payment of Bank's loans to Debtor, whether now owned or hereafter acquired by Debtor. The Replacement Lien shall be deemed valid, enforceable, and fully perfected without the filing of any additional financing statements, amendments, continuation statements or other documents with any federal, state or local governmental entity and will serve as security for the repayment of the Indebtedness. The grant and perfection of the Replacement Lien will be binding on: (i) the Debtor; (ii) any debtor whose bankruptcy case is jointly administered or consolidated with this Chapter 11 bankruptcy case; (iii) any successor in interest to the Debtor including, without limitation, any subsequently appointed trustee in the case, and in any superseding case under Chapter 7 of the Bankruptcy Code; and (iii) all creditors of the Debtor.

8.  If, notwithstanding the Replacement Lien, Bank has a claim allowable under 11 U.S.C. §507(a)(2) arising from Debtor's use of the Cash Collateral pursuant to this Stipulation, Bank shall have a priority claim as contemplated by 11 U.S.C. §507(b).

9.  The adequate protection provided for in this Stipulation is without prejudice to the Bank seeking further and other adequate protection to the extent it deems the same necessary and appropriate. Further, this Stipulation is without prejudice to (i) the Bank seeking the early termination of Debtor's use of Cash Collateral for cause, including lack of adequate protection or (ii) Debtor's opposing such early termination.

10. This Stipulation shall become effective and enforceable upon approval and entry as an order of the Bankruptcy Court.  If any provision of this Stipulation is hereafter modified, vacated or stayed by subsequent order of this or any other Court for any reason, such modification, vacation, or stay shall not affect the validity of any obligation or liability incurred pursuant to this Stipulation and prior to the later of (a) the effective date of such modification, vacation, or stay, or (b) the entry of the order pursuant to which such modification, vacation, or stay was established, nor the validity, priority, or enforceability of any lien or claim granted by Debtor to the Bank. The liens and claims granted to the Bank under this Stipulation, and the priority thereof, and any payments made pursuant to this Stipulation, shall be binding (subject to the terms of this Stipulation) on Debtor, its bankruptcy estate, any subsequent trustee or examiner, any debtor whose bankruptcy case is jointly administered or consolidated with this Chapter 11 bankruptcy case, and all creditors of the Debtor.

11. This Stipulation is limited to its terms and shall not be construed to limit or expand the rights and claims of the parties.  The parties agree that the agreement herein is fair, reasonable and beneficial to the Debtor and the bankruptcy estate, and therefore request that the Court approve this Stipulation.

| | |
|---|---|
| **BERMAN, DeLEVE, KUCHAN & CHAPMAN, LLC** | **SPENCER FANE LLP** |
| By:  /s/ Ronald S. Weiss<br>　　Ronald S. Weiss, MO #21215<br>　　Joel Pelofsky, MO #17929<br>　　2850 City Center Square<br>　　1100 Main Street<br>　　Kansas City, MO  64105<br>　　(816)  471-5900 telephone<br>　　(816)  842-9955 fax<br>　　Email: rweiss@bdkc.com<br>**ATTORNEYS FOR DEBTOR** | By:  /s/ Rodney H. Nichols<br>　　Rodney H. Nichols, MO #45741<br>　　2144 East Republic Road, Suite B300<br>　　Springfield, MO 65804<br>　　(417) 888-1000 telephone<br>　　(417) 881-8135 fax<br>　　Email:  RNichols@spencerfane.com<br>**ATTORNEYS FOR LEGACY BANK AND TRUST** |

WA 10330604.3