# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI
### (Springfield)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| 417 Rentals, LLC | ) | Case No. 17-60935-can11 |
| | ) | |
| Debtor | ) | Chapter 11 |
| | ) | |
| | ) | |
| City of Springfield, Missouri | ) | |
| | ) | |
| Movant | ) | |

## MOTION TO COMPEL "BUSINESS-MODEL STATEMENT"

Springfield moves the court to compel 417 to issue a "Business-Model Statement" (BMS) either as a precursor to a plan under *11 USC § 1123* or as part of the plan. The court should do this as an exercise of its equity powers under *11 USC § 105*. See *United States v. Seitles*, 106 B.R. 36, 40 (S.D.N.Y. 1989), where the court applied equity powers to extend the automatic stay to a non-debtor closely tied to the debtor.

The BMS should explain the business model 417 used up to August 25, 2017, the date it filed for bankruptcy. It should also explain the business model 417 will employ after that date. The BMS should show a radical difference between the old business model and the new.

According to its property schedules, 417 owns 471 real properties. Per Mr. Chris Gatley's testimony at the creditors' meeting, Mr. Gatley is 417's sole member. Mr. Gatley has attempted to manage 471 properties with little assistance. 417 has no employees. 417 has historically hired plumbers, electricians, construction workers, etc. on a temporary and sporadic basis.

Also, per Mr. Gatley's testimony at the creditors' meeting, 417 has focused on being a full-time landlord since 2002. 417 has been buying and refinancing properties until approximately three years ago, when, per Mr. Gatley, 417 apparently reached a saturation point.

According to 417's schedule D, 417 has borrowed nearly $100K from one creditor, hundreds of thousands from another creditor, nearly $1M each from 3 creditors, about $1.5M each from 9 creditors, more than $2M from another creditor, and nearly $3M from yet another creditor.

Over the years, 417's management of its properties has resulted in numerous nuisance-abatement, overgrowth, dangerous-building, and housing-complaint issues in Springfield. This management approach has created:

- 843 nuisance-abatement issues, which include yards containing trash, improperly-stored inoperable vehicles, broken furniture, rotting materials, scrap metal, automobile parts, etc. (**Exhibits A** and **B**);

- 405 overgrowth issues (**Exhibits C** and **D**);

- numerous dangerous-building issues, which include open and vacant structures exposed to the elements, vermin, and vagrants; burned-out, dangerous structures; and, insect-saturated rental properties (**Exhibits E** and **F**);

- 307 housing complaints, which include sewage leaking into basements, rotting soffits and gutters in disrepair, broken appliances, caved-in roofs, water-heater issues, etc. (**Exhibits G** and **H**.

- For the above points, see sample photographic **Exhibits I**, **J**, and **K**

Based on the foregoing, 417's business model to date has been: borrow, buy more properties than can be managed, and allow many of the properties to become nuisances to tenants or the public.

If 417 proposes a plan without changing its business model where one in which one individual tries to manage 471 properties that generate hundreds of nuisance-abatement, overgrowth, dangerous-building, and housing-complaint

issues, such a plan would violate public policy. The court should not confirm it under *11 USC § 1129(a)(5)(ii)*.

Public policy demands safe, clean, habitable housing for citizens. The policy is so strong that not even the automatic stay prohibits municipalities from exercising their police power vis-à-vis properties that have nuisance-abatement, overgrowth, dangerous-building, and housing issues. *In re Javens*, 107 F.3d 359 (6th Cir. 1997); *11 USC § 362(b)(4)*.

The borrow, over-buy, and undermanage business model will also likely result in future "need for further financial reorganization." The court should not confirm such a plan unless 417 presents a viable, and different business model. *11 USC § 1129(a)(11)*.

"A debtor's past performance is one of the most important measures of whether a debtor's plan will succeed." <u>*In re Malkus, Inc.*</u>, No. 03-07711-GLP, 2004 Bankr. LEXIS 2120, at *10 (Bankr. M.D. Fla. Nov. 15, 2004). Unless 417's business model is radically different from the business model that led to its present bankruptcy, it is difficult to see how any reorganization effort can be feasible. "A plan cannot be based on 'visionary promises;' it must be doable." *In re Made in Detroit, Inc.*, 299 B.R. 170, 172 (Bankr. E.D. Mich. 2003).

The best measure of whether a 417 plan will be doable will be whether the plan's content demonstrates a radical change in 417's untenable business model. A new business model will be the *sine qua non* of 417's potential success in the future.

In *In re Patriot Coal Corp.*, 493 B.R. 65, 99 (Bankr. E.D. Mo. 2013), the court used "Business Model" as a header in its order, repeatedly capitalized the phrase, and used it 43 times. Business-model analysis is central to the case. In *In Stanton v. SGC Partners I, LLC (In re House of Lloyd, Sales LLC)*, Nos. 02-40208, 05-4014, 06-4283, 2008 Bankr. LEXIS 4382, at *6 (Bankr. W.D. Mo. Apr. 8, 2008), Judge Federman reiterated how essential a viable business model is to this type of proceeding.

This court should compel 417 to submit a BMS that demonstrates it will pursue reorganization in a good-faith manner. The BMS should be realistic, feasible, and should address the underlying reasons why this case was necessary in the first place.

CITY OF SPRINGFIELD, MISSOURI

*/s/ Duke McDonald*
Duke McDonald
Missouri Bar #36265
Assistant City Attorney
840 Boonville
Springfield, Missouri  65802
(417) 864-1645
(417) 864-1551 fax
dmcdonald@springfieldmo.gov
ATTORNEY FOR MOVANT

Service Certificate

I certify that on November 16, 2017, the foregoing Motion to Compel "Business-Model Statement" was filed with the Court under its ECF System and was served on said date by electronic mail directed to all parties entitled to electronic notice.

                                                      */s/ Duke McDonald*
                                                      Duke McDonald