**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **417 RENTALS, LLC,** | ) | Case No. 17-60935-can11 |
| | ) | |
| | ) | |
| **Debtor.** | ) | |

### UNITED STATES TRUSTEE'S MOTION TO DISMISS

Pursuant to 28 U.S.C. § 586(a)(3) and 11 U.S.C. § 1112(b), the United States Trustee hereby moves the Court for an order dismissing this Chapter 11 case. In support hereof, the United States Trustee respectfully alleges as follows:

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). This motion is a contested matter under Bankruptcy Rule 9014.

2. On August 25, 2017, 417 Rentals, LLC ("417 Rentals" or the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

3. 417 Rentals is a limited liability company that owns, manages and leases approximately 560 living units in Springfield, Missouri. Most of the units are single residences, although there are some multi-family structures. According to its representatives, the Debtor's properties constitute a significant portion of the low-to-moderate income market in and around Springfield, Missouri.

4. The Debtor's only employee is its 100 percent equity holder, Mr. Christopher Gatley. Mr. Gatley is individually liable on substantially all debt owed by 417 Rentals. For federal income tax purposes, the financial activity of 417 Rentals is reflected on a Schedule C attached to Mr. Gatley's personal income tax return.

5. Since filing Chapter 11, Debtor has operated the bankruptcy estate as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No creditors' committee has been appointed.

6. Under the BAPCPA, after notice and hearing, this Court shall convert or dismiss a Chapter 11 case if the movant establishes cause, unless the Court specifically identifies unusual circumstances establishing that dismissal or conversion is not in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(2). Section 1112(b)(4) delineates numerous grounds that constitute cause. Such grounds are illustrative but not exhaustive.

## I. Failure to Comply with an Order of the Court

7. On August 28, 2017, the Court issued its Order on Preliminary Matters, which includes the requirement that the Debtor, "open and use only bank accounts identified as debtor in possession accounts," [ECF Dkt. #6]. *See also* Local Bankruptcy Rule 2015-6.

8. The requirement that the Debtor operate from debtor-in-possession accounts was made clear to the Debtor's representatives at the initial debtor conference, conducted on September 6, 2017, at the Meeting of Creditors held on October 18, 2017, and through subsequent correspondence between the United States Trustee and Debtor's counsel.

9. On information and belief, the Debtor is not operating from debtor-in-possession bank accounts.

10. Failure to comply with an Order of the Court constitutes cause to dismiss or convert a case to Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. § 1112(b)(4)(E).

## II. Failure to File Monthly Operating Reports

11. Under Local Rule 2015-2(D), Chapter 11 debtors-in-possession are required to

provide reports reasonably mandated by the United States Trustee. Pursuant to this Local Rule, the United States Trustee requires that debtors file a monthly operating report summary on the 15th of each month and provide a complete monthly report to the United States Trustee on the 20th of each month. *See also* Local Bankruptcy Rule 2015-2(C).

12. The Debtor has failed to file its monthly operating report for October 2017.

13. In the absence of monthly operating reports, the Court, the United States Trustee, and creditors cannot determine the Debtor's financial status, including whether Debtor is current on post-petition taxes, trade debt, and other obligations.

14. The failure to file monthly operating reports, "whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceeding." *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (citation omitted), appeal dismissed, 1996 WL 79333 (S.D. N.Y. Feb. 23, 1996); *accord Matter of Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991); *see also In re Kerr*, 908 F.2d 400, 404 (8th Cir. 1990) (affirming dismissal of Chapter 11 petition for bad faith where debtors violated court order by failing to provide monthly financial reports); *see also* 11 U.S.C. § 1112(b)(4)(F); Local Rule 2015-2(E).

15. Furthermore, without operating reports, the United States Trustee cannot accurately calculate the amount of United States Trustee quarterly fees due and owing.

16. Failure to pay such fees is cause for dismissal or conversion under §1112(b)(4)(K) of the Bankruptcy Code.

### III. Failure to Cooperate with the United States Trustee

17. Pursuant to the Bankruptcy Code, debtors are required to cooperate with the United States Trustee and to respond to reasonable requests for information. *See, e.g.*, 11 U.S.C. § 521.

18. The Meeting of Creditors was held on October 18, 2017. At this meeting, a representative of the United States Trustee requested that the Debtor submit certain information and documentation to the United States Trustee. After the Meeting of Creditors, the United States Trustee made additional requests for information and documentation from the Debtor.

19. The United States Trustee has not received the following:

a) An amendment to Question 4 of the Statement of Financial Affairs to disclose payments or transfers of property to or for the benefit of insiders; and

b) Proof that all of the Debtor's properties are covered by appropriate insurance.

20. Failure to cooperate with the United States Trustee constitutes cause for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(H). Failure to maintain appropriate insurance constitutes cause for dismiss or conversion under 11 U.S.C. §1112(b)(4)(C).

WHEREFORE, the United States Trustee respectfully requests the Court's order dismissing this case, alternatively, converting the case to a case under Chapter 7, and for such further relief as may be just and proper.

Dated: December 14, 2017

                                      Respectfully submitted,

                                      DANIEL J. CASAMATTA
                                      ACTING UNITED STATES TRUSTEE

                                      By: ***/s/ Lloyd E. Mueller***
                                          LLOYD E. MUELLER
                                          TN Bar # 16540
                                          Trial Attorney
                                          Office of the U.S. Trustee
                                          400 East 9th St., Ste. 3440
                                          Kansas City, MO 64106
                                          Telephone:   (816) 512-1940
                                          Fax: (816) 512-1967
                                          Email: Lloyd.E.Mueller@usdoj.gov

## **CERTIFICATE OF MAILING**

      I hereby certify that a copy of the United States Trustee's Motion to Dismiss was served upon all parties receiving electronic notification and upon the following party by electronic notification this 14th day of December 2017:

Ronald S. Weiss
Berman DeLeve Kuchan & Chapman
1100 Main Street
Suite 2850
Kansas City, MO   64105

                                      By: ***/s/ Lloyd E. Mueller***
                                            Lloyd E. Mueller