UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re: | ) | |
| 417 Rentals, LLC, | ) | Case No: 17-60935 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| The Bank of Missouri, | ) | Chapter 11 |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| 417 Rentals, LLC, | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## BANK OF MISSOURI'S OBJECTION TO DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

COMES NOW The Bank of Missouri (hereinafter "BOM") by its attorneys, Bradshaw, Steele, Cochrane, Berens and Billmeyer, L.C., and for its Objections to Debtor's Chapter 11 Plan of Reorganization, states as follows:

1. BOM is a creditor secured by 31 properties of the Debtor.

2. Succeeding the filing of this case, BOM entered into a Stipulation for Adequate Protection with the Debtor in which the Stipulation was approved.

3. Thereafter, upon violation of that Order, BOM filed for relief from stay which was granted by this Court on November 28, 2017 permitting BOM to foreclose upon its security interest in all it's collateral properties.

4. In Paragraph 2.6, the Debtor's Plan makes provision for BOM labeling BOM as a "Class 6 Claim". In that paragraph, the Debtor makes provision for a payment system to BOM (which BOM rejects) and thus, permitting the Debtor to administer the security of BOM. In fact, the Debtor further itemizes same with its attached Exhibits 3C and 6D.

5. BOM, in reliance upon the Court's order granting relief, has commenced the expensive

procedures to result in foreclosure. In short, BOM does not consent to the proposed plan treatment for a number of reasons but primarily that the subject collateral of BOM is no longer property of the estate but for the unlikely event of excess proceeds from the foreclosure process which excessive proceeds would be property of the estate.

6. Further, as Judge Koger stated in **In re Griggs, 82 B.R. 532 (1988)**: "Determinations granting or denying relief from the stay are final decisions. In re Leimer, 724 F.2d 744 (8th Cir. 1984). Pursuant to B.R. 8002, if there is no timely appeal to an order lifting the automatic stay, that order is final and foreclosure by the prevailing party cannot be prevented".

WHEREFORE, for the foregoing reasons, The Bank of Missouri objects to confirmation of the Debtor's Chapter 11 Plan of reorganization and, prays for such other and further relief as this Court seems just and proper in the premises.

Respectfully Submitted,

BRADSHAW, STEELE, COCHRANE, BERENS & BILLMEYER L.C.

_____
Paul H. Berens            #24091 & #2617
3113 Independence, P.O. Box 1300
Cape Girardeau, MO  63702-1300
Telephone: (573) 334-0555
Facsimile: (573) 334-2947
E-mail: PaulB@BradshawSteele.com
ATTORNEY FOR THE BANK OF MISSOURI

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served electronically on this 31st day January, 2018, on all parties on the Court's CM/ECF notice list.

_____