**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: ) | |
| ) | |
| 417 RENTALS, LLC, ) | Case No. 17-60935 |
| ) | |
| Debtor, ) | |

**SIMMONS BANK'S OBJECTION TO CONFIRMATION**
**OF DEBTOR'S PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**

Comes Now Simmons Bank and objects to confirmation of the Debtor's Plan and Disclosure Statement (the "Plan"), and in support thereof states as follows:

1. Simmons Bank is the holder of ten (10) filed and allowed claims in the aggregate sum of $2,090,569.92, plus additional accruing interest, late charges and attorney fees, secured by thirty-two (32) deeds of trust to Debtor's real estate rental properties located in Greene County and one (1) deed of trust to Debtor's real estate rental property in Lawrence County (the "Claims"), as more fully set forth in Simmons Bank's proofs of claim filed herein and incorporated by reference, Court Claim numbers 24, 25, 26, 27, 29, 31, 32, 33, 34 and 35.  All real estate securing the Claims is referred to herein as the "Collateral".

2. The Claims are treated as fully secured under Class 12 Claim of the Plan.

3. Simmons Bank objects to the Plan for the reasons that:

   a. The Plan fails to provide for retention by Simmons Bank of its liens to the Collateral in that there is no provision in the Plan that all terms of the promissory notes, deeds of trust and other loan documents comprising the Claims shall remain in full force and effect, except as they may be modified by the terms of the Plan. Such loan documents provide, among other things, requirements for the Debtor to protect Simmons Bank's interest in the Collateral, and for Simmons Bank's recovery of attorney's fees and costs incurred, including post-petition attorney's

fees and costs.

      b. The Debtor is in arrears in payment of property taxes on at least part of the Collateral for 2016 and 2017, and the Plan fails to provide for payment of such tax arrearages or for a real estate tax escrow to ensure that the Debtor keeps up with accruing property tax liabilities.

      c. The Plan proposes to restructure the terms of the Claims without providing for commercially reasonable market terms for the repayment thereof in that the Plan provides for interest-only payments for 30 months, and thereafter provides for monthly payments of the Claims based on a 30-year amortization for the next 30 months.

      d. The Plan is impermissibly vague in that it fails to specifically state that a balloon payment on the Claims is due at the end of the 60-month repayment period (although that appears to be the intention).

      e. The Plan fails to demonstrate requisite feasibility, and specifically fails to demonstrate the likelihood that the Debtor will be able to make the balloon payment at the time it is due.

      f. The Plan has not been proposed in good faith in that the ongoing reduced monthly payments on the Claims, on non-market terms as proposed in the Plan, result in a windfall to the Debtor, to the detriment of Simmons Bank.

      g. The Plan is not fair and equitable with respect to the claims of creditors as required by Section 1129 of the U.S. Bankruptcy Code.

      h. Simmons Bank is impaired under the Plan and does not accept the Plan.

      i. Simmons Bank reserves the right to file further suggestions and to raise such additional objections to confirmation of the Plan as may be available.

WHEREFORE, Simmons Bank prays for an order denying confirmation of the Plan, and for such further relief as the Court deems just.

          MILLINGTON, GLASS, LOVE & YOUNG

          /s/   Jeffery J. Love
          Jeffery J. Love, MBN 32200
          1901 S. Ventura, Suite A
          Springfield, Missouri 65804
          Telephone: (417) 883-6566
          Facsimile: (417) 883-6689
          E-mail:   jlove@springfieldlaw.net
          ATTORNEYS FOR CREDITOR
          SIMMONS BANK

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System, pursuant to instructions appearing on the electronic filing receipt received from the U.S. Bankruptcy Court.

          /s/   Jeffery J. Love
          Jeffery J. Love