IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re:  417 RENTALS, LLC            ) | |
| ) | Case No. 17-60935-can11 |
| ) | Chapter 11 |
| Debtor.                                              ) | |

**BANK OF BOLIVAR'S OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT**

**COMES NOW** Bank of Bolivar, by and through its attorneys of record, HOSMER KING & ROYCE, LLC, and objects to confirmation of the Debtor's Plan and Disclosure Statement (the "Plan") and in support thereof, states as follows:

1. Bank of Bolivar is the holder of (four) filed and allowed claims in the aggregate sum of $1,422,664, plus additional accruing interest, late charges and attorney fees, secured by three (3) deeds of trust to Debtor's real estate rental property in Greene County, as more fully set forth in Bank of Bolivar's proof of claims filed herein and incorporated by reference, Court Claim numbers 73, 74, 75 and 76.  All real estate securing the Claims is referred to herein as the "Collateral.".

2. The (Class 5) Claims are treated as fully secured under the Plan.

3. Bank of Bolivar objects to the Plan for the reasons that:

    a. The Plan fails to provide for retention by Bank of Bolivar of its liens to the Collateral in that there is no provision in the Plan that all terms of the promissory notes, deeds of trust and other loan documents comprising the Claims shall remain in full force and effect, except as they may be modified by the terms of the Plan.  Such loan documents provide, among other things, requirements for the Debtor to protect Bank of Bolivar's

interest in the Collateral, and for Bank of Bolivar's recovery of attorney's fees and costs incurred, including post-petition attorney's fees and costs.

b. With the exception of Loan 9610, Bank of Bolivar's loans have matured by their terms and there is no provision in the Plan to provide for the execution of post-petition promissory notes reflecting terms and rates consistent with today's market.

c. The Debtor is in arrears in payment of property taxes on the Collateral for 2016 and 2017, and the Plan fails to provide for payment of such tax arrearages or for a real estate tax escrow to ensure that the Debtor keeps up with accruing tax liabilities.

d. The Plan proposed to restructure the terms of the Claims without providing for commercial reasonable market terms for the repayment thereof in that the Plan provides for interest-only payments for 30 months, and thereafter provides for monthly payments of the Claims based on a 30-year amortization for the next 30 months.

e. The Plan is unduly vague in that it fails to specifically state that a balloon payment on the Claims is due at the end of the 60 month repayment period (although that appears to be the intention).

f. The Plan fails to demonstrate requisite feasibility, and specifically fails to demonstrate the likelihood that the Debtor will be able to adequately maintain, repair and insure the Collateral; to pay real estate taxes when due; and/or to make the balloon payment at the time it is due. In further support for this Objection, Bank of Bolivar restates and incorporates

herein by reference the allegations of the City of Springfield made in its Motion to Compel "Business-Model Statement" (Document Number 195). Bank of Bolivar further restates and incorporates herein by reference the allegations made by the United States Trustee in its motion to dismiss (Document Number 241).

g. The Plan has not been proposed in good faith in that the ongoing reduced monthly payments on the Claims, on non-market terms as proposed in the Plan, will result in a windfall to the Debtor, to the detriment of Bank of Bolivar.

h. The Plan is not fair and equitable with respect to the claims of creditors as required by Section 1129 of the U.S. Bankruptcy Code.

i. Bank of Bolivar is impaired under the Plan and does not accept the Plan.

j. Bank of Bolivar reserves the right to file further suggestions and to raise such additional objections to confirmation of the Plan as may be available.

**WHEREFORE**, Bank of Bolivar asks for an order denying confirmation of the Plan, and for such further relief as the Court deems just.

                            HOSMER KING & ROYCE, LLC


                            By    /s/ Stuart H. King
                                Stuart H. King
                                Missouri Bar Number 39410

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of February, 2018, the foregoing document was electronically filed with the Clerk of the Court, and a copy was served electronically on all parties through the ECF filing system.

                                       /s/Stuart H. King
                                         Attorney of Record

HOSMER KING & ROYCE, LLC
313 South Glenstone
Post Office Box 1245
Springfield, Missouri  65801
Telephone:   (417) 869-9999
Facsimile:    (417) 869-2099
E-mail:       stuart.king@hkrlawoffice.com