**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| **417 RENTALS, LLC** | )     Case No. 17-60935-can11 |
| | ) |
|                               **Debtor.** | ) |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
APPLICATION TO EMPLOY CHRISTOPHER GREENE AS SPECIAL COUNSEL**

Pursuant to 28 U.S.C. § 586(a)(3)(I) and 11 U.S.C. §§ 307 and 327(a), the United States Trustee respectfully objects to the Debtor's application to employ Joseph Christopher Greene ("Greene") as special counsel for the Debtor [ECF #337]. The United States Trustee files this objection based on the timeliness of the application, inadequate disclosure of Greene's relationships to the interested parties, inadequate disclosure of the scope of the proposed employment, and inadequate disclosure of the compensation Greene has received before and after this bankruptcy case was filed. In support of this Objection, the United States Trustee states as follows:

**FACTS**

1. On August 25, 2017, 417 Rentals, LLC ("417 Rentals" or the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. 417 Rentals is a limited liability company that owns, manages and leases approximately 560 living units in Springfield, Missouri. Most of the units are single residences, although there are some multi-family structures. According to its representatives, the Debtor's properties constitute a significant portion of the low-to-moderate income market in and around Springfield, Missouri.

3. The Debtor's only employee is its 100 percent equity holder, Mr. Christopher Gatley

("Gatley"). Gatley is individually liable on substantially all debt owed by 417 Rentals. For federal income tax purposes, the financial activity of 417 Rentals is reflected on a Schedule C attached to Gatley's personal income tax return.

4. Since filing Chapter 11, Debtor has operated the bankruptcy estate as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No creditors' committee has been appointed.

5. On September 6, 2017, the United States Trustee conducted an Initial Debtor Conference in conjunction with this bankruptcy case. Greene, Gatley, and bankruptcy counsel Ron Weiss attended the Initial Debtor Conference. During the Initial Debtor Conference, all parties attending on behalf of the Debtor were advised that professionals providing services to the Debtor were required to obtain approval from the Bankruptcy Court.

6. On information and belief, Greene represented the Debtor and Gatley before the bankruptcy case was filed.

7. On information and belief, Greene has continued to provide post-petition services to the Debtor or Gatley since this bankruptcy case was filed. Greene attended the First Meeting of Creditors and has attended other hearings before the Bankruptcy Court.

8. On February 2, 2018 (approximately five months after the bankruptcy case was filed), the Application by Debtor for Employment of Joseph Christopher Greene as Special Counsel [ECF #337] and the Affidavit of Joseph Christopher Greene in Support of the Debtor's Application to Employ Special Counsel [ECF #338] were filed.

9. The Application and supporting Affidavit request approval of Greene's employment as "Special Counsel," however, it appears Greene has been providing general legal services to the Debtor or Gatley.

10. The Application and supporting Affidavit do not address why the Debtor failed to seek Court approval of Greene's employment during the first five months this bankruptcy case was pending in Bankruptcy Court.

11. The Application and supporting Affidavit do not disclose the connections between Greene, the Debtor, Gatley and other interested parties.

12. The Application and supporting Affidavit do not state the amount Greene received from the Debtor or Gatley before the bankruptcy case was filed.

13. The Application and supporting Affidavit do not state the amount Greene has received from the Debtor or Gatley since the bankruptcy case was filed.

14. The Application and supporting Affidavit are inconsistent as to amount contemplated as payment to Greene. The Application state a flat fee of $6,000 per month. The Affidavit states a flat fee of $8,000 per month.

15. The Application and supporting Affidavit do not disclose a justification for the amount of the monthly flat fee.

## **EMPLOYMENT UNDER SECTION 327(a)**

16. Section 327(a) of the Bankruptcy Code sets forth a two-part test to determine whether an attorney may act as counsel for debtor. First, the professional must not "hold or represent any interest adverse to the estate." 11 U.S.C. § 327(a). Second, the professional must be a "disinterested person" as defined by § 101(14). *In re Missouri Mining*, 186 B.R. 949 (Bankr. W.D. Mo. 1995). *In re Pierce*, 809 F.2d 1356, 1362 (8th Cir. 1987). "Although framed conjunctively, the conditions are applied disjunctively; failure to meet either will result in disqualification." *Pierce*, 809 F.2d 1362.

## MANDATORY DISCLOSURES UNDER RULES 2014 AND 2016

17. In order for the Court to make the determination required under § 327(a), the Court must be fully informed of all actual or potential conflicts of interest. *In re Smitty's Truck Stop, Inc.*, 210 B.R. 844 (10th Cir. B.A.P. 1997)(setting forth the unique circumstances of bankruptcy which make such disclosures necessary).

18. The Court, the United States Trustee, and interested parties police conflicts through the mandatory disclosures imposed by Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

19. Rule 2014(a) requires the professional to file an application disclosing "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any party in interest, their respective attorneys and accountants, the United States trustee, or any person employed by the Office of the United States trustee."  The application must be filed along with a verified statement setting forth "the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Fed. R. Bankr. P. 2014(a).

20. Rule 2016 implements the requirement of § 329 that every attorney for a debtor file a disclosure of compensation.  Local Rule 2016-1(A) supplements the federal rule by mandating that attorneys for a debtor file a disclosure of the amount and source of the retainer.  Questions 2 and 3 of Official Form 2030, Disclosure of Compensation, require counsel to list the source of the compensation that has been and will be paid to them.

21. The disclosure requirements are not discretionary. *In re EWC, Inc*. 138 B.R. 276, 280

(Bankr. W.D. Okla. 1992).

22. The professional must disclose all connections, not merely those that rise to the level of conflicts. *In re Leslie Fay Cos*., 175 B.R. 525, 536 ((Bankr. S.D.N.Y. 1994)(holding that all connections that are not so remote as to be *de minimus* must be disclosed).

23. The professional's disclosures must be voluntary, timely, and comprehensive. "The bankruptcy court has neither the obligation nor the resources to investigate the truthfulness of information supplied, or to seek out conflicts of interest not disclosed." *EWC,* 138 B.R. at 280.

24. Professionals seeking employment under § 327(a) who fail to make timely and complete disclosures proceed at their own risk. *Rome v. Braunstein*, 19 F.3d 54, 59 (1st Cir. 1994).

WHEREFORE, the United States Trustee requests that the application to employ for authorization to employ Joseph Christopher Greene as Special Counsel be denied and for such relief as may be just and proper.

Date:  February 23, 2018               Respectfully submitted,

                                        DANIEL J. CASAMATTA
                                        ACTING UNITED STATES TRUSTEE

                                        By: */s/ Lloyd E. Mueller*
                                        Lloyd E. Mueller, Tennessee Bar #16540
                                        Trial Attorney
                                        Office of the U.S. Trustee
                                        400 East 9th St., Ste 3440
                                        Kansas City, MO 64106
                                        Telephone:  (816) 512-1940
                                        Telecopier: (816) 512-1967
                                        Email: lloyd.e.mueller@usdoj.gov

**CERTIFICATE OF MAILING**

    I hereby certify that a copy of the United States Trustee's Objection to the Application to Employ Joseph Christopher Greene as Special Counsel was served upon all parties receiving electronic notification this 23rd day of February, 2018.

*/s/Lloyd E. Mueller*