## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE:<br><br>417 RENTALS, LLC<br><br>　　　　　Debtor. | Case No. 17-60935<br>Chapter 11 |

### GUARANTY BANK'S OBJECTION TO CONFIRMATION OF
### DEBTOR'S PROPOSED REORGANIZATION PLAN

Comes Now Guaranty Bank, by and through undersigned counsel of record herein, and for its timely objection to confirmation of debtor's proposed Ch. 11 Plan of Reorganization (hereinafter "Plan") states as follows:

1.　　　Guaranty is a creditor secured holding five (5) allowed secured claims in the aggregate sum of $2,163,118.30 as of the filing date. Guaranty's collateral consists, also in the aggregate, of 50 properties of the debtor as is more fully set forth in Claim Numbers 28, 30, 36, 37 and 38 (hereinafter collectively "Claims") which were previously filed of record and are now incorporated herein by reference.

2.　　　Subsequent to the filing of this case, the debtor and Guaranty entered into a certain Stipulation for Order Lifting Automatic Stay (hereinafter "Stipulation") as to property located at 2107 E. Cherry in Springfield, Missouri (hereinafter "Apartment Building") and the same was filed on the 19th day of January, 2018 (doc. #312) and approved by the court on the 1st day of February, 2018 (doc. #334).

3.　　　The Stipulation resolved Guaranty's previous Motion to Abandon filed herein on the 29th day of November, 2017 (doc. #211) concerning the Apartment Building in that the same

was improperly transferred to the debtor, without any consideration, shortly prior to its filing of bankruptcy, and the debtor is not indebted to Guaranty regarding the Apartment Building property.

4. Nevertheless the proposed Plan purports in Article II, Section 2.8, as part of Class 8 Claims, thereof to include and impair the personal loan of Christopher E. Gatley (hereinafter "Mr. Gatley"), namely Class 8e, loan number 5400229090 (hereinafter "Personal Loan"), as a debt obligation of the debtor to be reorganized herein.

5. Guaranty objects to any effort by the debtor to impair or otherwise alter by its Plan the personal debt service obligations of Mr. Gatley in regards to the Personal Loan and the Collateral Property.

6. Furthermore, by reason of the Stipulation and Order, the Collateral Property is no longer even property of the estate by reason of the court's lift of stay regarding the same. *In re Griggs*, 82 B.R. 532 (Bkrtcy. W.D. Mo. 1988). For this reason the corresponding debt obligation may not be impaired by the debtor's Plan even were it owed by the debtor, which it is not.

7. Section 3.1 of the Plan proposes that upon confirmation title to all property of the estate shall be vested in the debtor. Guaranty objects to the Collateral Property receiving such treatment in that the same should never have been part of the debtor's bankruptcy estate in the first place as outlined in paragraphs 2 through 6 hereof and such vesting would occur in prior to payment of all unsecured creditors in violation of 11 U.S.C. §1129 (b)(2)(B)(ii).

8. Additionally, Guaranty objects to the Plan's proposed treatment of its other secured claims outlined in Article II, Section 2.8, on the grounds that:

    (A) The Claims are treated as fully secured by Class 8 of the Plan;

    (B) As a fully secured creditor Guaranty is entitled to its contractual interest rate and debt repayment terms under 11 U.S.C. §506.

(C) The Plan fails to provide for Guaranty's retention of its liens securing the Claims in that there is no provision in the Plan that all loan documents constituting the Claims shall remain in full force and effect (except as expressly modified by the Plan), and such loan documents provide, among other things, for debtor's duty to provide Guaranty with for post-petition financial reporting and Guaranty's recovery of costs including post-petition attorney's fees and expenses;

(D) The Plan neither provides for payment of real estate taxes as they become due nor does it provide for an escrow mechanism to assure such payments will be timely made as required under pre-petition loan terms of Guaranty;

(E) The Plan does not provide for upkeep and maintenance of collateral properties nor does it certify that said property is now and will remain insured;

(F) The Plan proposes to modify the Claims to unreasonable and below market terms given the age and condition of the collateral in that the Plan calls for interest-only payments for 30 months when the properties securing Guaranty's Claims generate income in sufficient amounts to service the debt without any impairment or modification;

(G) The Plan is not fair and equitable as required by 11 U.S.C. Section 1129 (b)(2) (A)(II) for the reason that the proposed 30 month interest only period does not provide for payments totaling at least the allowed amount of Guaranty's Claims, as of the effective date of the Plan, after allowance for the time/value of money and a reasonable factor for inflation;

(H) The Plan is not proposed in good faith for the reason that the non-market terms described in the immediately preceding objection will result in a windfall to the debtor and/or a transfer of Guaranty's cash collateral to other creditors of the debtor who have no claim to the same;

(I) The Plan is unreasonably vague in that it does not expressly provide for a 60 month balloon for Guaranty's Claims although the same appears to be intended;

(J) The Plan does not comply with Local Rule 3016-2 (A) in that it does not include at least three (3) years of financial operating histories, the operating projections do not appear to include projected plan payments, and the Plan does not include a liquidation analysis as required by the Bankruptcy Code;

(K) The Plan does not contain "adequate information" as required by 11 U.S.C. §1125(b) for multiple reasons including, but not limited to, lack of sufficient information as to the condition and performance of the debtors while in Ch.

11, the absence of detail regarding the funding of the proposed Plan, the complete omission of any independent valuation of the property securing Guaranty's Claims which is highly relevant to any informed creditor's decision to accept or reject the proposed Plan, and failure to demonstrate the likelihood of the debtor's successful payment of all 59 regular monthly installments as well as the final balloon payment;

(L)  The Plan fails to propose any significant changes in the debtor's management structure which has been demonstrably inadequate to oversee and maintain approximately 500 rental units;

(M)  The Plan as proposed is not feasible for the reasons outlined in subparts (D), (E), (K) and (L) of this paragraph;

(N)  The Plan proposes to impair the Claims of Guaranty and Guaranty does not accept the Plan;

(O)  Guaranty reserves the right to raise and interpose such additional objections to confirmation of the Plan as it may hereafter elect to file.

WHEREFORE, Guaranty Bank prays for an order denying confirmation of debtor's proposed Plan and for such other and further relief as the court may deem just and proper.

MANN, WALTER, BISHOP & SHERMAN, P.C.

By: /s/ Gary E. Bishop
Gary E. Bishop, Mo. Bar No. 33685
1112 E. Walnut Street
P.O. Box 1072
Springfield, MO 65801-1072
(417) 877-9138   FAX 877-0469

ATTORNEYS FOR GUARANTY BANK

CERTIFICATE OF MAILING

The undersigned hereby certifies that the above and foregoing document was on the 23rd day of February, 2018, served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and to all other interested parties who have not entered such an appearance via first-class mail, postage prepaid, on the foregoing date.

/s/ Gary E. Bishop
Gary E. Bishop

-4-