**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| In Re: ) | |
| 417 Rentals, LLC, ) | |
| ) | Case No.: 17-60935-can11 |
| Debtor. ) | |

**SOUTHERN BANK'S OBJECTIONS**
**TO CONFIRMATION AND DISCLOSURE STATEMENT**

COMES NOW Southern Bank (hereinafter "Bank") and for its objections to the Plan [Court Doc. # 267] and Disclosure Statement filed by the Debtor and to confirmation of the Plan states to the Court as follows:

1. Bank is a secured creditor having filed court Claims No. 16,17 and 18 in this matter. The claims are secured by three deeds of trust on multiple parcels of real estate and assignment of rents. All are single family residential rentals.

2. The claims filed by the Bank are impaired because the Debtor seeks to alter the legal, contractual and equitable rights of Bank.

3. Bank does not consent to the treatment under the Plan in Class 14.

4. Debtor proposes to treat Bank's claims as fully secured being secured by the deeds of trust on the single-family dwellings and the rental income. Debtor makes an admission in the proposed plan that Bank is fully secured. As a fully secured creditor Bank is entitled to its contractual interest rate and contractual repayment terms pursuant to 11 U.S.C. §506.

5. The Plan and Disclosure Statement do not contain "adequate information" as that term is defined in Section 1125 of the Bankruptcy Code in that they fail to disclose historical rental income and future rental income for the past three years and for the projected next three

23357-227/775799

years.  The Plan and Disclosure statement do not specifically show ongoing rental income with respect to these units so that creditors can determine the feasibility of the Plan.

6. The economic data is not sufficiently detailed to allow creditors to allow the Bank to determine if the Plan is feasible.

7. The Plan is supported by unsupported opinions and beliefs that have not been substantiated while the Debtor has been in bankruptcy.

8. The Disclosure Statement is deficient because it fails to provide a liquidation analysis setting for the estimated return that creditors would receive under Chapter 7.

9. The Disclosure Statement is deficient because it fails to provide the accounting and valuation methods used to produce the financial information in the disclosure statement.

10. The Disclosure Statement is deficient because it fails to detail and estimate of all administrative expenses, including attorney fees and accountant and management fees.

11. The Disclosure Statement is deficient because it fails to provide information relevant to the risks being taken by the creditors under the proposed Plan.

12. The Plan does not provide for upkeep and maintenance of the existing structures pledged to Bank nor does it certify that all the properties are insured.

13. The Plan proposes to modify the existing terms of the Bank loan by providing for interest only for the first 30 months and then contract interest rate amortized over 30 years for the next 30 months.  The terms are ambiguous as to the proposed term, but it appears that the debt balloons in five years. The proposal is not commercially reasonable given the age and condition of the property securing the indebtedness and it does not provide for the payment of taxes and insurance.

14. The Plan does not state whether the Debtor will have available future financing or be in a position to pay the balloon payment called for under the Plan that will come due at the end of the 60 month time period set forth in the Plan.

15. The Plan is not feasible in that the Debtors regular income is not sufficient to maintain all of the plan payments to Creditors as proposed in the Plan.

16. The Plan is not feasible under 11 U.S.C. § 1129(a)(11) because the ratio of current assets to current liabilities shows that the liabilities are greater than the assets. The Debtor's capital structure was inadequate pre-petition and there is no evidence that has changed post-petition. There is no evidence the Debtor can operate at a profit or generate sufficient cash flow to service the debt obligations after confirmation. The Debtor has failed to show the current management structure is sufficient to manage and maintain 500 rental units.

17. The Debtor indicates that it intends to sell the properties as the Plan commences but offers no proposal as to marketing, maintenance or the payment of realtor fees. The Plan is not feasible in that it does not propose a base amount for sale prices to insure recovery of the full amount of the secured indebtedness as each property is liquidated. The Plan fails to provide a projection of the sums needed upon liquidation to pay creditors in full or any type of plan for the orderly liquidation of rental units to satisfy creditors. Debtor's Plan merely represents a "hope" that it is sufficient to generate sufficient proceeds to satisfy the secured creditors, including Bank.

18. The Plan fails to meet the liquidation analysis requirements of the Bankruptcy Code because the Plan fails to provide for the same treatment as each creditor would receive if the case had been filed as a Chapter 7 and liquidated on the date of filing.

19. The Plan does not propose that the provisions and terms contained in Bank's loan documents will continue in full force and affect except as modified by the Plan.

20. The Plan is not fair and equitable with respect to the claims of the creditors as required by 11 U.S.C. §1129(b)(2)(B) of the Bankruptcy Code because the unsecured claims do not receive each holder to retain property of a value as of the effective date of the Plan equal to the allowed amount of the claims.

21. The Plan provides that property will be revested into 417 Rentals before all unsecured creditors are paid in full violating 11 U.S.C. §1129(b)(2)(B)(ii).

22. Bank does not receive under the Plan the indubitable equivalent of its claim as required by 11 U.S.C. §1129(b)(2)(A)(iii).

23. The proposed Plan violates the Best Interest of Creditors Test under 11 U.S.C. § 1129(a)(7)(A)(ii) because each creditor or interest holder does not receive under the Plan as of the effective date at least as much as they would have received if the Debtor were liquidated under Chapter 7.

24. The proposed Plan does not comply with the applicable provisions of the Bankruptcy Code.

WHEREFORE, for the foregoing reasons Bank requests that the Court enter its Order denying confirmation, denying that the Disclosure Statement provides sufficient information and for the Court to provide such other and further relief as the Court deems just in the premises.

BAIRD LIGHTNER MILLSAP, P.C.


By: _____/s/ John R. Lightner_____
JOHN R. LIGHTNER, MO Bar #30436
1901-C South Ventura Avenue
Springfield, MO 65804-2700
Telephone (417) 887-0133
Facsimile (417) 887-8740
jlightner@blmlawyers.com
*Attorneys for Creditor,*
*Southern Bank*


**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a copy of the foregoing was served by electronic notice or by United States Mail, First Class postage prepaid, this 23rd day of February 2018, to:

*Debtors' Counsel*
Ronald S. Weiss
Berman DeLeve Kuchan & Chapman
1100 Main Street, Suite 2850
Kansas City, MO  64105
rweiss@bdkc.com

U.S. Trustee Office
United States Courthouse
400 East 9th Street, Room 3440
Kansas City, MO 64016-1910

*U.S. Trustee*
Lloyd E. Mueller
Office of the U.S. Trustee
400 E. 9th Street, Room 3440
Kansas City, MO  64106
lloyd.e.mueller@usdoj.gov


___/s/__ John R. Lightner_____
   Attorney