**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| **417 RENTALS, LLC,** ) | Case No. 17-60935-can11 |
| ) | |
| ) | |
| **Debtor.** ) | |

**UNITED STATES TRUSTEE'S OBJECTIONS TO DEBTOR'S
DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**

Pursuant to 28 U.S.C. § 586(a)(3) and 11 U.S.C. §§ 1125 and 1129, the United States Trustee respectfully objects to the Debtor's Chapter 11 Plan of Reorganization and Disclosure Statement. In support hereof, the United States Trustee respectfully alleges as follows:

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157.

2. 417 Rentals, LLC ("417 Rentals" or the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 25, 2017,

3. The Debtor is a limited liability company that owns, manages and leases approximately 560 living units in Springfield, Missouri. Most of the units are single residences, although there are some multi-family structures. According to its representatives, the Debtor's properties constitute a significant portion of the low-to-moderate income market in and around Springfield, Missouri.

4. On January 5, 2018, the Debtor filed its Disclosure Statement [ECF Dkt. #268] and Plan of Reorganization [ECF Dkt. #267].

5. On January 9, 2018, the Court entered an order preliminarily approving the Disclosure Statement and setting a joint hearing on the Disclosure Statement and Plan for March 21,

2018.

## Disclosure Objections

6. For the reasons set forth below, the United States Trustee contends that the Disclosure Statement portion is deficient and does not meet the "adequate information" standard set forth in 11 U.S.C. § 1125(a). A disclosure statement contains adequate information if it contains information "of a kind, and in sufficient detail . . . that would enable [a] hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

7. The "disclosure statement requirements are crucial to the effective functioning of the federal bankruptcy system. Because creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated." Ryan Operations G.P. v. Forrest Paint Co., 81 F.3d 355, 362 (3rd Cir. 1996).

8. The Disclosure Statement is not adequate because it does not provide at least three years of detailed financial operating history as required by Local Bankruptcy Rule 3016-2(A).

9. The Disclosure Statement is not adequate because it does not adequately describe the relationship between the Debtor and the Debtor's 100 percent equity holder Christopher Gatley. An adequate description of the relationship between the Debtor and Mr. Gatley is relevant because Mr. Gatley transferred a substantial number of the properties to the Debtor from his personal ownership during the months before causing the Debtor to file this bankruptcy case.

10. The Disclosure Statement is not adequate because it does not provide any information concerning Mr. Gatley's personal financial situation. Mr. Gatley's financial situation is

relevant because he asserts on page 18 of the Disclosure Statement that he will be financially responsible for any shortage or inability of the Debtor to make plan payments.

11. The Disclosure Statement is inadequate because it does not contain a liquidation analysis as is necessary to evaluate the proposed plan under Section 1129(a)(7) of the Bankruptcy Code.

12. The Disclosure Statement does not state that the Debtor has accrued unpaid fees to the United States Trustee in the amount of $4,551.

13. Accordingly, for these reasons, final approval of the Disclosure Statement should be denied.

## Confirmation Objection to the Plan

14. Given the failure to file all operating reports, failure to provide adequate information, and failure to pay U.S. Trustee fees in full, the Plan does not meet the requirements of 11 U.S.C. § 1129(a)(1) and (a)(2).

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests the Court's order denying final approval of the Disclosure Statement, denying confirmation of the Plan of Reorganization, and for such further relief as may be just and proper.

Dated: February 26, 2018

    Respectfully submitted,

    DANIEL J. CASMATTA
    ACTING UNITED STATES TRUSTEE

    By: */s/ Lloyd E. Mueller*
      Lloyd E. Mueller, TN. Bar #16540
      Trial Attorney
      Office of the U.S. Trustee
      400 East 9th St., Ste 3440
      Kansas City, MO 64106

Telephone: (816) 512-1946<br>
Fax: (816) 512-1967<br>
Email: lloyd.e.mueller@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the United States Trustee's Objection to Debtor's Disclosure Statement and Plan of Reorganization was served upon all parties receiving electronic notification or by first-class mail, postage prepaid, this 26th day of February, 2018.

By: */s/ Lloyd E. Mueller*
Lloyd E. Mueller