**EXHIBIT 17**
**STIPULATIONS**

### STIPULATION BY AND BETWEEN 417 RENTALS LLC AND BANK OF BOLIVAR FOR TREATMENT PURSUANT TO 417 RENTALS, LLC AMENDED PLAN OF REORGANIZATION

This Stipulation is entered this _16th_ day of _April_ , 2018 by and between 417 Rentals, LLC (Debtor) and Bank of Bolivar for payment of all the Bank of Bolivar Class 5 Claims under the plan. Bank of Bolivar shall hereinafter be referred to as the "Class 5 Claimant" or "Creditor".

**WHEREAS,** on August 25, 2017 the Debtor filed a Chapter 11 Reorganization Proceeding pursuant to Title 11 of the United States Code; and

**WHEREAS,** on January 5, 2018 the Debtor filed a Plan of Reorganization and Disclosure Statement; and

**WHEREAS,** the Debtor then entered into negotiations with its secured creditors in an attempt to reach agreements and a consensual Plan of Reorganization; and

**Whereas,** The Class 5 Claims consist of the following loans: **Class 5a, loan #6.19610, Class 5b loan # 6.19611, Class 5c, loan # 6.22081, and Class 5d, loan #6.22082,** hereinafter referred to as the "Class 5 loans", and

**WHEREAS,** the Debtor and Creditor have agreed upon treatment of the Creditor's Class 5 loans under the plan.

**Now therefore** in consideration of the mutual covenants between the Debtor and Creditor, it is stipulated and agreed as follows:

1) The total debt of the Class 5 loans is approximately $1,136,173, exclusive of prepayment penalties. The exact balance owing on the Class 5 loans shall be determined by the court on or before the Effective Date. The Debtor has determined the value of the properties securing the Class 5 Claims totals approximately $1,294,600. The Debtor intends to treat the Class 5 Claims as fully secured. The Class 5 Claims are evidenced by individual notes executed by the

Debtor. The Notes are collateralized by future advance deeds of trust conveying

interest in real estate owned by the Debtor and assignments of rents.

2) The Class 5 Claims shall be paid as follows:

The interest rate shall be the contract interest rates of the Class 5 loans for months

1 through 9 following the Effective Date of the Plan, with Monthly Interest-only

payments paid to the Class 5 Claimant by Debtor.

Commencing on the 10th month after the Effective Date of the Plan and thereafter

through the 60th month, the balances due on all Class 5 loans shall amortize on a

25-year schedule at the contract interest rates of the Class 5 loans with monthly

payments of principal and interest paid to the Class 5 Claimant by Debtor.

3) The Class 5 loans shall all be due and payable on the first day of the 61st month

following the Effective Date of the Plan.

4) Upon the approval of Creditor, which approval shall not be unreasonably withheld,

the Debtor may sell Properties encumbering the Class 5 loans. Net sales proceeds

resultant from property sales shall be payable to the Class 5 Claimant under the

terms of the notes executed by the Debtor referenced in paragraph 1 herein and the

deeds of trust securing said notes.

5) In the event that a tenant is lost, the Debtor's principal has the ability and will

supplement the revenue necessary to make the monthly payments.

6) Debtor proposed that past due 2016 and 2017 real estate taxes approximating

$25,550 shall be paid in accordance with the bankruptcy code by being fully

amortized over 5 years with monthly payments of principal and interest being paid

to the taxing authority until paid in full on or before payment in full of the Class 5

Claim. Creditor asserts that 2017 real estate taxes were due and payable in full on

December 31, 2017. Both parties reserve the right to argue this issue to and seek

Page 2 of 4

an Order of the Bankruptcy Court with respect to this issue. In the event the bankruptcy judge rules that the taxes are to be paid under a measure that is different than proposed by Debtor, the Debtor shall comply with the ruling of the court.

7)    The terms and conditions of this stipulation will be incorporated into an amended Plan of Reorganization and an amended Disclosure Statement as well as any other pleadings required by the Court or which the Debtor determines is necessary to file.

8)    Unless expressly modified by this Stipulation, the terms and provisions of the notes referenced in Paragraph 1 above, the deeds of trust securing said notes and the prior Stipulation for Adequate Protection executed by the parties shall remain in effect and binding upon the parties. Specifically, but without limitation, Debtor agrees that the "future advance" provisions of Paragraph 4 of the following described deeds of trust remain in effect and binding upon Debtor:

-    Deed of Trust, dated May 24, 2010, recorded on May 25, 2010 in the Office of the Recorder of Deeds of Greene County, Missouri in Book 2010 Page 019815-10;

-    Deed of Trust, dated May 24, 2010, recorded on May 25, 2010 in the Office of the Recorder of Deeds of Greene County, Missouri in Book 2010 Page 019816-10; and

-    Deed of Trust, dated August 27, 2008, recorded on August 29, 2008 in the Office of the Recorder of Deeds of Greene County, Missouri in Book 2008 Page 037040-08.

9)    Upon Creditor's request, Debtor shall execute new promissory notes and other related loan documents consistent with this Stipulation with respect to loans that

have expired by their terms or will expire during the time period described in

Paragraph 2 of this Stipulation.

Dated this _16th_ day of _April_, 2018.

Respectfully submitted,

**CREDITOR**
**Bank** of Bolivar

By: _____
Signatory's Name

417 Rentals, LLC

By: _____
Christopher Gatley, Member

*417 Rentals, LLC*

## STIPULATION BY AND BETWEEN 417 RENTALS LLC
## AND GREAT SOUTHERN BANK
## FOR TREATMENT PURSUANT TO 417 RENTALS, LLC
## AMENDED PLAN OF REORGANIZATION

This Stipulation is entered this _____ day of _____, 2018 by and between 417 Rentals, LLC (Debtor) and Great Southern Bank for payment of all the Great Southern Bank Class 7 Claims under the plan.  Great Southern Bank shall hereinafter be referred to as the "Class 7 Claimant", "Creditor" or simply "GSB".

**WHEREAS,** on August 25, 2017 the Debtor filed a Chapter 11 Reorganization Proceeding pursuant to Title 11 of the United States Code; and

**WHEREAS,** on January 5, 2018 the Debtor filed a Plan of Reorganization and Disclosure Statement; and

**WHEREAS,** Creditor is the holder of nine (9) promissory notes executed by the Debtor having an aggregate principal amount due and owing of $1,390,582.30, plus additional accruing interest, late charges and attorney fees, secured by thirteen (13) deeds of trust to Debtor's real estate rental properties located in Greene County, Missouri as more fully set out in Creditor's proofs of claim filed herein and incorporated by reference, Court Claims 39, 40, 41, 42, 43, 44, 45, 46 and 47.  All real estate securing the Claims and assigned rents are referred to herein as "Collateral".  All documents comprising the Claims are referred to herein as the "Loan Documents"; and

**WHEREAS,** the Debtor entered into negotiations with its secured creditors in an attempt to reach agreements and a consensual Plan of Reorganization; and

**WHEREAS,** The Debtor is in possession of the Collateral, and the Collateral is generating rents which are being collected by the Debtor.  Such rents have been assigned to Creditor under the terms of the deeds of trust and companion Assignments of Rents executed by Debtor; and

**WHEREAS,** The Class 7 Claims of Creditor consist of the following loans: Class 7a, loan #96193492, Class 7b loan #96193506, Class 7c, loan #96195339, Class 7d loan #96196262, Class 7e, loan #96196270, Class 7f, loan #96272856, Class 7g, loan #96199040, Class 7h, loan# 96205792, and Class 7i, loan# 96212381, hereinafter referred to as the "Class 7 loans", and

**WHEREAS,** the Debtor and Creditor have agreed upon treatment of the Creditor's Class 7 loans under the plan based on terms and conditions below.

**NOW THEREFORE** in consideration of the mutual covenants between the Debtor and Creditor, it is stipulated and agreed as follows:

1)    **GSB Loans in the Aggregate.**   The total debt of the Class 7 loans is approximately **$1,390,582.30** as of the date the Petition was filed in this case on August 25, 2017.  The exact balance owing on the Class 7 loans shall be determined by the court on or before the Effective Date. The parties have determined the value of the properties securing the Class 7 Claims totals approximately **$1,764,720.00**. The Debtor shall treat the Class 7 Claims as fully secured. The Class 7 Claims are evidenced by promissory notes executed by the Debtor. The Notes are collateralized by deeds of trust conveying interest in real estate owned by the Debtor and assignments of rents (the Collateral).

2)    **Installment Payments of GSB Loans and Tax Escrows.**  The Class 7 Claims shall be paid as follows:

The interest rate shall be the contract interest rate of the Class 7 loans for months 1 through 12 following the Effective Date of the Plan, with Monthly Interest-only payments paid to the Class 7 Claimant by Debtor.

Commencing on the 13th month after the Effective Date of the Plan and thereafter through the 60th month, the balances due on all Class 7 loans

shall amortize on a 20-year schedule at the contract interest rate of the Class 7 loans with monthly payments of principal and interest paid to the Class 7 Claimant by Debtor along with tax escrows to sufficiently fund real estate tax liabilities for each property secured by each Class 7 loan. GSB shall use existing escrowed funds for real estate taxes related to the above-referenced loans for such taxes when they become due and Debtor shall timely pay the difference to ensure real estate taxes remain current. Debtor shall pay pre-petition real estate taxes in accordance with the bankruptcy code over a 5 year period.

All payments shall be mailed to Creditor at the following address:  Great Southern Bank, Attention:  David Price, P.O. Box 68, Springfield, Missouri 65801.

3)    **Balloon Payment of GSB Loans**.  The Class 7 loans shall all be due and payable on the 61st month following the Effective Date of the Plan by way of a balloon payment to retire all sums due for each loan so all Class 7 loans are paid in full.

4)    **Permission to Sell Secured Properties by Debtor**.  The Debtor may sell Properties encumbering the Class 7 loans upon pre-approval by GSB of the terms of sale and the allocation of the sale proceeds. Net sales proceeds resultant from property sales shall be payable to the Class 7 Claimant under the terms of the individual notes executed by the Debtor referenced in paragraph 1 herein.  GSB shall be provided with copies of all sales transaction and closing documents, including HUD-1 Settlement Statements before any property sale closing for its final approval, which shall not be unreasonably withheld.

5)    **Vacancies in Rental Properties**.  In the event that a tenant is lost, the Debtor's principal has the ability and will supplement the revenue necessary to make

Page **3** of **9**

the monthly payments. Tenant vacancies shall not be grounds for a suspension of any loan payment due under this Stipulation.

6)    **Property Maintenance and Insurance**.    Except as otherwise provided herein or as otherwise provided in or authorized by the Bankruptcy Code, Debtor shall continue to comply with all terms and conditions of all Loan Documents.  Debtor shall make all necessary repairs, maintenance and improvements to the Collateral in the interests of preserving and protecting same and shall promptly respond to redress and cure any deficiencies or complaints by any governmental unit involving code violations or other regulatory requirements. Debtor shall take all reasonable steps to protect the property from vandalism, damage or waste and shall timely secure and winterize any vacant properties to protect against damage caused by weather or vagrant third parties. Creditor shall be allowed a reasonable opportunity to inspect the properties to ensure they are being properly maintained, but is under no legal duty or obligation to do so.  It shall be the Debtor's responsibility to redress all matters related to the maintenance and upkeep of the properties with the City of Springfield or any other governmental authority.

The Debtor shall maintain casualty and general liability insurance on all of the Collateral, in continuous force and effect, without interruption, designating Creditor as an additional loss payee with a company rated B+ or better in the Best Guide.  Such insurance shall at all times be maintained in the same amounts and covering the same types of risks, property (including the Collateral), and claims as required in the Loan Documents.  Debtor shall provide written proof of the insurance and policy declarations to Creditor within ten (10) days of the date of execution of this Stipulation and from time to time thereafter upon request by Creditor.

7)    **Replacement Lien for Cash Collateral**.  This Stipulation constitutes a security agreement between Debtor and Creditor, and Debtor grants to Creditor, as

additional adequate protection for Debtors' post-petition use of the Collateral, including the Cash Collateral, and pursuant to Code §§361(2), 363(e), and 522(b), retroactive to the Petition Date, a replacement lien and security interest (the "Replacement Lien") on all Collateral, as described in the Loan Documents, now owned or hereafter acquired by Debtor.  The Replacement Lien shall be deemed valid, enforceable, and fully perfected without the filing of any additional financing statements, amendments, continuation statements or other documents with any federal, state or local government entity and will serve as security for the repayment of the Indebtedness.  The grant and perfection of the Replacement Lien will be binding on (i) the Debtor (ii) any debtor whose bankruptcy case is jointly administered or consolidation with this Chapter 11 bankruptcy case, and (iii) any successor in interest to the Debtor including, without limitation, any subsequent appointed trustee in this case, and in any superseding case under Chapter 7 of the Bankruptcy Code.  If, notwithstanding the Replacement Lien, Creditor has a claim allowable under Code §507(a)(2) arising from Debtor's use of the Cash Collateral pursuant to this Stipulation, Creditor shall have a priority claim as contemplated by Code §507(b).

8)    **Right to Inspect Records**.  In addition to those rights under the GSB loan documents related to the Class 7 claims, the Debtor hereby grants Creditor and its agents the right to inspect all books and records of deposits and expenditures of the Cash Collateral, at any reasonable time during regular business hours, provided that Creditor shall give Debtor reasonable notice in advance of any such inspection.  At any such inspection, Debtor shall fully cooperate with Creditor to disclose and fully account for the Cash Collateral. Debtor shall provide Creditor with a copy of all existing written leases for the Collateral and shall report vacancies, status of utility connection and a monthly accounting of all Cash Collateral received for each property.

9)     **Loan Documents and State Court Proceedings**.  the Loan Documents and the lien of Creditor on the Collateral are hereby ratified and confirmed by Debtor as being valid, binding, enforceable, and duly perfected on a prepetition and post-petition basis.  Creditor agrees that the pending lawsuit in Greene County, Missouri against Debtor's principal, Christopher E. Gatley, Case No. 1731-CC01310 shall be stayed until such time as (i) the Debtor is in default of the provisions of any subsequently-filed and confirmed Chapter 11 bankruptcy Plan with respect to the Class 7 Claims, or (ii) this bankruptcy case is dismissed or converted to Chapter 7.

10)    **Creditor Financing and Pledge of Collateral by Debtor**.  Creditor shall be under no obligation to advance new credit or funds to Debtor, and the Collateral shall not be pledged as security by Debtor for any post-petition financing or other obligations without the prior written consent of Creditor.   Nothing in this Stipulation shall waive, release or modify the obligations of any guarantors of the Claims to Creditor under the Loan Documents.

11)    **Failure of Chapter 11 Plan Performance by Debtor.**  In the event of a default, the Creditor may send notice of the default to the Debtor at the Debtor's place of business or such other location as may be agreed. In that event, the Debtor will have 21 days from the date the notice is sent to cure the default. If during that period the default is not cured, the Creditor may file the Statement of Default with the Bankruptcy Court, the filing of which will operate as relief from the automatic stay.

12)    **Plan Approval & Loan Documents.**  The terms and conditions of this stipulation will be incorporated into an amended Plan of Reorganization and an amended Disclosure Statement as well as any other pleadings required by the Court or which the Debtor determines is necessary to file. Except as otherwise specifically set

forth in this Stipulation and the Chapter 11 Plan, all other terms and provisions of the Loan Documents shall remain valid and enforceable according to the terms thereof.

13)    **Approval of Stipulation, Construction and Reservation**. This Stipulation is contingent upon approval by the United States Bankruptcy Court for the Western District of Missouri and confirmation of the Debtor's Chapter 11 Plan, and may not be modified or amended except by mutual agreement of the parties in writing. This Stipulation constitutes the entire agreement and understanding of the parties, superseding any and all prior agreements, understandings, negotiations and discussions with respect to the subject matter hereof. This Stipulation shall be construed and enforced in accordance with the laws of the State of Missouri, except where the provisions of the Bankruptcy Code apply, in which case the provisions of federal law shall control. The invalidity or unenforceability of any provision of this Stipulation shall not affect the validity or enforceability of any other provision hereof and this Stipulation shall be construed in all respects as if such invalid or unenforceable provision was omitted. This Stipulation is limited to its terms and shall not be construed to limit the parties in the assertion of other rights and claims in this Chapter 11 proceeding. The parties submit that the foregoing is fair, reasonable and beneficial to the Debtor and the bankruptcy estate. Further, GSB reserves the right to present this Stipulation to the Court only after a review of all other stipulations Debtor has with other secured creditors to ensure uniformity of treatment among the lender class claims in these proceedings.

    **IN WITNESS WHEREOF**, the parties have hereunto set their hand this _____ day of _____, 2018.

Respectfully submitted,

BERMAN, DeLEVE, KUCHAN & CHAPMAN, LLC


By: _____
     Ronald S. Weiss, Missouri Bar No. 21215

BERMAN, DeLEVE,
     KUCHAN & CHAPMAN, LLC
2850 City Center Square
1100 Main Street
Kansas City, MO  64105
Telephone: (816) 471-5900
Facsimile: (816) 842-9955
Email: rweiss@bdkc.com
*Attorney for Debtor 417 Rentals, LLC*


CARNAHAN, EVANS, CANTWELL
& BROWN, P.C.


By: _____
     Christiaan D. Horton, Mo. Bar No. 46003

CARNAHAN, EVANS, CANTWELL
     & BROWN, P.C.
2805 S. Ingram Mill Road
P.O. Box 10009
Springfield, MO 65808-0009
Phone:  (417) 447-4400
Fax:  (417) 447-4401
Email: chorton@cecb.com
*Attorneys for Great Southern Bank*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System, pursuant to instructions appearing on the electronic filing receipt received from the U.S. Bankruptcy Court and to the following by U.S. Mail, postage prepaid this ___ day of _____, 2018:

Ronald S. Weiss, Esq                    Lloyd E. Mueller, Esq.
1100 Main, Suite 2850                   400 E. 9th St., Room 3440
Kansas City, MO  64105                  Kansas City, MO  64106
rweiss@bdkc.com                         Lloyd.e.mueller@usdoj.gov


*/s/   Ronald S. Weiss*
Ronald S. Weiss

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| IN RE: | |
| 417 RENTALS, LLC, | Case No. 17-60935 |
| *Debtor*. | Chapter 11 |

**STIPULATION BY AND BETWEEN DEBTOR AND GUARANTY BANK**
**FOR TREATMENT PURSUANT TO DEBTOR'S**
**AMENDED PLAN OF REORGANIZATION**

This Stipulation is entered this _____ day of _____, 2018 by and between 417 Rentals, LLC (Debtor) and Guaranty Bank for payment of all the Guaranty Bank Class 8 Claims under the plan.  Guaranty Bank shall hereinafter be referred to as the "Class 8 Claimant" or "Creditor".

WHEREAS, on August 25, 2017 the Debtor filed a Chapter 11 Reorganization Proceeding pursuant to Title 11 of the United States Code; and

WHEREAS, on January 5, 2018 the Debtor filed a Plan of Reorganization and Disclosure Statement; and

WHEREAS, the Debtor then entered into negotiations with its secured creditors in an attempt to reach agreements and a consensual Plan of Reorganization; and

WHEREAS, The Class 8 Claims consist of the following loans:  Class 8a, loan # 5100190938, Class 8b loan # 5400228881, Class 8c, loan #5400228909, Class 8d, loan # 5400229052, and Class 8f, loan # 5400229140, hereinafter referred to as the "Class 8 loans", and

WHEREAS, the Debtor and Creditor have agreed upon treatment of the Creditor's Class 8 loans under the plan.

NOW, THEREFORE, in consideration of the mutual covenants between the Debtor and Creditor, it is stipulated and agreed as follows:

1)    The total debt of the Class 8 loans is approximately $2,106,172. The exact balance owing on the Class 8 loans shall be determined by the court on or before the Effective Date. The Debtor has determined the value of the properties securing the Class 8 Claims totals approximately $2,473,300. The Debtor intends to treat the Class 8 Claims as fully secured. The Class 8 Claims are evidenced by individual notes executed by the Debtor. The Notes are collateralized by deeds of trust conveying interest in real estate owned by the Debtor and assignments of rents.

2)    The Class 8 Claims shall be paid as follows:

As it relates to loan #8909 and #9140 the interest rate shall be five percent (5%) interest-only for months 1 through 6 following the Effective Date of the Plan, with Monthly Interest-only payments paid to the Class 8 Claimant by Debtor. Commencing on the 7th month after the Effective Date of the Plan and thereafter through the 60th month, the balances due on loan #8909 and #9140 shall amortize on a 25-year schedule at a five percent (5%) interest rate with monthly payments of principal and interest paid to the Class 8 Claimant by Debtor.

As it relates to loan #8881, #0938 and #9052 the interest rate shall be five percent (5%) interest-only for months 1 through 6 following the Effective Date of the Plan, with Monthly Interest-only payments paid to the Class 8 Claimant by Debtor.

-2-

Commencing on the 7th month after the Effective Date of the Plan and thereafter through the 60th month, the balances due on loan #8881, #0938 and #9052 shall amortize on a 20-year schedule at a five percent (5%) interest rate with monthly payments of principal and interest paid to the Class 8 Claimant by Debtor.

3)    Debtor shall remain fully obligated on all the afore-described loans to timely pay to Creditor all property taxes on the same terms and schedules as was in place prior to Debtor filing bankruptcy.

4)    The Class 8 loans shall all be due and payable on or before the 61st month following the Effective Date of the Plan.

5)    The Debtor may sell Properties encumbering the Class 8 loans. Net sales proceeds resultant from property sales shall be payable to the Class 8 Claimant under the terms of the individual notes executed by the Debtor referenced in paragraph 1 herein.

6)    In the event that a tenant is lost, the Debtor's principal has the ability and will supplement the revenue necessary to make the monthly payments.

7)    In the event of a default, the Creditor may send notice of the default to the Debtor at the Debtor's place of business or such other location as may be agreed. In that event, the Debtor will have 21 days from the date the notice is sent to cure the default. If during that period the default is not cured, the Creditor may file the Statement of Default with the Bankruptcy Court, the filing of which will operate as relief from the automatic stay.   For purposes of this paragraph the provisions of Bankruptcy Rule 9004(f) shall not apply.

8)    The terms and conditions of this stipulation will be incorporated into an amended Plan of Reorganization and an amended Disclosure Statement as well as any other

-3-

pleadings required by the Court or which the Debtor determines is necessary to file.

9)   This Stipulation may be executed in counterparts and electronic and facsimile signatures shall be as effective as original signatures for all lawful purposes.

Dated this _____ day of _____, 2018.


                                          Respectfully submitted,


CREDITOR                                  DEBTOR
Guaranty Bank                             417 Rentals, LLC



By: _____      By: _____
        Eric Leonard, Sr. V.P.                   Christopher Gatley, Member

**STIPULATION BY AND BETWEEN 417 RENTALS LLC AND OLD MISSOURI BANK**
**FOR TREATMENT PURSUANT TO 417 RENTALS, LLC**
**AMENDED PLAN OF REORGANIZATION**

This Stipulation is entered this _____ day of _____, 2018

by and between 417 Rentals, LLC (Debtor) and Old Missouri Bank for payment of all the

Old Missouri Bank Class 11 Claims under the plan.  Old Missouri Bank shall hereinafter

be referred to as the "Class 11 Claimant" or "Creditor".

**WHEREAS,** on January 5, 2018 the Debtor filed a Plan of Reorganization and

Disclosure Statement; and

**WHEREAS,** the Debtor then entered into negotiations with its secured creditors

in an attempt to reach agreements and a consensual Plan of Reorganization; and

**WHEREAS,** The Class 11 Claims consist of the following loans:  Class 11a,

loan #9452, Class 11b loan #9512, and Class 11c, loan #12628, and Class 11d, Loan

#10121, hereinafter referred to as the "Class 11 loans", and

**WHEREAS,** the Debtor and Creditor have agreed upon treatment of the

Creditor's Class 11 loans under the plan.

**NOW THEREFORE** in consideration of the mutual covenants between the

Debtor and Creditor, it is stipulated and agreed as follows:

1) The total debt of the Class 11 loans is approximately $1,421,490.85. The

exact balance owing on the Class 11 loans shall be determined by the

court on or before the Effective Date. The Debtor intends to treat the Class

11 Claims as fully secured. The Class 11 Claims are evidenced by

individual notes executed by the Debtor. The Notes are collateralized by

deeds of trust conveying interest in real estate owned by the Debtor and

assignments of rents.

2)   The Class 11 Claims shall be paid as follows

The interest rate shall be the contract interest rate of the Class 11 loans for months 1 through 12 following the Effective Date of the Plan, with Monthly Interest-only payments paid to the Class 11 Claimant by Debtor. Commencing on the 13thst month after the Effective Date of the Plan and thereafter through the 36th month, the balances due on all Class 11 loans shall amortize on a 20-year schedule at the contract interest rate of the Class 11 loans with monthly payments of principal and interest paid to the Class 11 Claimant by Debtor.

3)   The Class 11 loans shall all be due and payable on the 36th month following the Effective Date of the Plan.

4)   The Debtor may sell Properties encumbering the Class 11 loans at the minimum release prices attached hereto as Exhibit 1. Net sales proceeds resultant from property sales shall be payable to the Class 11 Claimant pursuant to the attached schedule detailing the minimum acceptable release prices for each property. Distribution of sales proceeds shall be under the terms of the individual notes executed by the Debtor referenced in paragraph 1 herein.

5)   In the event that a tenant is lost, the Debtor's principal has the ability and will supplement the revenue necessary to make the monthly payments.

6)   Past due 2016 and 2017 real estate taxes approximating $36,839.39 shall be paid in accordance with the Bankruptcy Code by being fully amortized over 5 years with monthly payments of principal and interest being paid to the taxing authority until paid in full on or before payment in full of the Class 11 Claim.

7)  The terms and conditions of this stipulation will be incorporated into an amended Plan of Reorganization and an amended Disclosure Statement as well as any other pleadings required by the Court or which the Debtor determines is necessary to file.

Dated this _____ day of _____, 2018.

Respectfully submitted,

**CREDITOR**
**Old Missouri Bank**                                    **417 Rentals, LLC**


**By:** _____        **By:** _____
Signatory's Name                              Christopher Gatley, Member

Exhibit 1 to 417 Rentals/Old Missouri Bank

| Properties in Portfolio |
|---|
| 35 |

Old Missouri Bank

| Address | Minimum Release Price |
|---|---|
| 1022-4 S Lexington Ave | $70,342 |
| 1331 N Brown Ave | $42,205 |
| 1637 W Florida St | $27,467 |
| 1683 E Dale St | $38,856 |
| 1731 W Walnut St | $46,225 |
| 1803 E Crestview St | $50,914 |
| 2020 N Ramsey Ave | $50,914 |
| 208 E Brooks St | $52,254 |
| 637 S Miller Rd | $49,574 |
| 816 S New Ave | $41,535 |
| 10945 N Farm Rd 115 | $50,969 |
| 1150 S Crutcher Ave | $47,571 |
| 130 S Walnut Ave | $36,018 |
| 1876 N Broadway Ave | $27,863 |
| 2006 N Pickwick Ave | $22,426 |
| 2035 N Pickwick Ave | $26,504 |
| 2564 W Phelps St | $21,067 |
| 2644 W Lombard St | $42,814 |
| 3020 W Elm St | $29,222 |
| 403 Somerset St | $50,969 |
| 434 W Evergreen St | $42,814 |
| 627 N Hillcrest Ave | $33,300 |
| 818 W Scott St | $38,736 |
| 829 N Farmer Ave | $29,902 |
| 944 S New Ave | $35,339 |
| 626 N Phelps Ave | $45,610 |
| 1253 S Brite Ave | $45,610 |
| 1037 N Brown Ave | $42,760 |
| 1112 N West Ave | $20,667 |
| 1607 W Nichols St | $40,622 |
| 1636 W Thoman St | $27,081 |

| | |
|---|---|
| **2058 N Grace Ave** | $37,771 |
| **2105 N Albertha Ave** | $39,909 |
| **2224 N Weller Ave** | $41,334 |
| **7033 W Farm Road 106** | $66,278 |
| **314 Gladiola** | $22,628 |

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

In re:                                )
                                      )
417 RENTALS, LLC,                     )        Case No. 17-60935
                                      )
              Debtor,                 )

## STIPULATION FOR TREATMENT OF
## SIMMONS BANK'S CLAIMS UNDER DEBTOR'S CHAPTER 11 PLAN

COME NOW Debtor 417 Rentals, LLC ("Debtor") and secured creditor Simmons Bank, by and through their respective counsel of record, and request the Court to approve this Stipulation For Treatment of Simmons Bank's Claims Under Debtor's Chapter 11 Plan ("Plan Stipulation").

### RECITALS

A. This case was commenced by the filing of a Voluntary Petition under Chapter 11 of the U.S. Bankruptcy Code by the Debtor on August 25, 2017.

B. Simmons Bank and the Debtor entered into a Stipulation For Use of Cash Collateral and for Adequate Protection (the "Adequate Protection Stipulation"), filed herein on October 29, 2017. All terms of the Adequate Protection Stipulation, including all defined terms, are hereby incorporated into this Plan Stipulation, except as otherwise specifically provided.

### AGREEMENT

In consideration of the promises, covenants and mutual obligations recited herein, the receipt and sufficiency of which are hereby expressly acknowledged, the parties agree for the treatment of the Claims under the Debtor's Chapter 11 Plan on the following terms:

1. Debtor shall make any payments required to pay interest current on the Claims as of the date of confirmation of the Plan, as specified under the Adequate Protection Stipulation, and shall otherwise be current on all obligations under the Adequate Protection Stipulation.

2.  Upon confirmation of the Plan, the Debtor shall make interest-only payments to Simmons Bank in the sum of $10,320.00 beginning on the 30th day following the date of confirmation of the Plan and on the same day of each month thereafter through the payment date in December, 2018.

3.  Beginning 30 days after the payment date in December, 2018, referenced in paragraph 2, above, and on the same day of the 34 consecutive months thereafter, the Debtor shall make a monthly payment to Simmons Bank in a sum based on the aggregate amount of the unpaid balance of the Claims amortized on a 20-year term at 6% interest.  The Claims shall mature and be due and payable in full in December, 2021 on the monthly payment date, at which time Simmons Bank shall have no obligation to extend, renew or modify the payment terms.

4.  All payments under this Plan Stipulation shall be mailed or delivered to Simmons Bank at the following address:   Simmons Bank, Attention:   David Scobee, Sr. Vice President, 8151 Clayton Road, St. Louis, MO 63177.

5.  During the Plan term, the Debtor is authorized to sell all or such part of the Collateral ONLY upon written consent by Simmons Bank as to a satisfactory release price for its lien on the Collateral being sold, which consent shall not be unreasonably withheld.

6.  No past or future actions or inactions on the part of Simmons Bank shall waive or modify any terms of the Loan Documents in the absence of a specific written agreement to that effect.   Specifically, without limitation, Simmons Bank reserves its rights under the Loan Documents to require (i) reasonable maintenance of the Collateral by Debtor and to keep the Collateral free from nuisance and (ii) payment of taxes on the Collateral. Debtor shall, within 30 days of the date of filing this Plan Stipulation with the Court, provide to Simmons Bank paid receipts for 2017 and prior years evidencing payment of County real estate taxes on the Collateral, and establish a tax escrow account at Simmons Bank for payment of monthly pro-rata accruing taxes on the Collateral.

2

7.   In the event of a default in any term of this Plan Stipulation or the Loan Documents, Simmons Bank may send notice of the default to the Debtor at the Debtor's place of business or such other location as may be agreed. In that event, the Debtor will have 21 days from the date the notice is sent to cure the default. If during that period the default is not cured, the Simmons Bank may file a statement of default with the Bankruptcy Court, the filing of which will operate as relief from the automatic stay as to all Collateral.

8.   Except as otherwise set forth in this Plan Stipulation, subsequent court order or as otherwise specifically provided by the Bankruptcy Code, all other terms and provisions of the Loan Documents shall remain valid and enforceable according to the terms thereof and are hereby incorporated by reference.

9.   Debtor's Chapter 11 Plan shall incorporate the provisions of this Plan Stipulation.

10.  This Plan Stipulation is contingent upon approval by the United States Bankruptcy Court for the Western District of Missouri, and may not be modified or amended except by mutual agreement of the parties in writing.  This Plan Stipulation constitutes the entire agreement and understanding of the parties, superseding any and all prior agreements, understandings, negotiations and discussions with respect to the subject matter hereof.  This Plan Stipulation shall be construed and enforced in accordance with the laws of the State of Missouri, except where the provisions of the Bankruptcy Code apply, in which case the provisions of federal law shall control.  The invalidity or unenforceability of any provision of this Plan Stipulation shall not affect the validity or enforceability of any other provision hereof and this Plan Stipulation shall be construed in all respects as if such invalid or unenforceable provision was omitted.

[SIGNATURE PAGE FOLLOWS]

3

**IN WITNESS WHEREOF**, the parties have executed this Plan Stipulation this _____day of

_____, 2018.

BERMAN, DeLEVE, KUCHAN & CHAPMAN, LLC

_____

Ronald S. Weiss, #21215
2850 City Center Square
1100 Main Street
Kansas City, MO  64105
Telephone:  (816) 471-5900
Facsimile:  (816) 842-9955
E-mail:  rweiss@bdkc.com
ATTORNEY FOR DEBTOR
417 RENTALS, LLC

MILLINGTON, GLASS, LOVE & YOUNG

_____

Jeffery J. Love, MBN 32200
1901 S. Ventura, Suite A
Springfield, Missouri 65804
Telephone: (417) 883-6566
Facsimile: (417) 883-6689
E-mail:  jlove@springfieldlaw.net
ATTORNEYS FOR CREDITOR
SIMMONS BANK

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System, pursuant to instructions appearing on the electronic filing receipt received from the U.S. Bankruptcy Court.

/s/  Jeffery J. Love
Jeffery J. Love

4

## STIPULATION BY AND BETWEEN 417 RENTALS LLC AND SOUTHERN MISSOURI BANK OF MARSHFIELD
## FOR TREATMENT PURSUANT TO 417 RENTALS, LLC
## AMENDED PLAN OF REORGANIZATION

This Stipulation is entered this _____ day of _____, 2018 by and between 417 Rentals, LLC (Debtor) and Southern Bank, successor in merger to Southern Missouri Bank of Marshfield for payment of all the Southern  Bank  Class 13 Claims under the plan.  Southern Bank  shall hereinafter be referred to as the "Class 13 Claimant" or "Creditor".

**WHEREAS,** on August 25, 2017 the Debtor filed a Chapter 11 Reorganization Proceeding pursuant to Title 11 of the United States Code; and

**WHEREAS,** on January 5, 2018 the Debtor filed a Plan of Reorganization and Disclosure Statement; and

**WHEREAS,** the Debtor then entered into negotiations with its secured creditors in an attempt to reach agreements and a consensual Plan of Reorganization; and

**WHEREAS,** The Class 13 Claims consist of the following loans:  Class 13a, loan #00016056, Class 13b loan #60017340, Class 13c, loan #60017489, Class 13d, loan #60017564, and Class 13e, loan #60019096, hereinafter referred to as the "Class 13 loans", and

**WHEREAS,** the Debtor and Creditor have agreed upon treatment of the Creditor's Class 13 loans under the plan.

**Now therefore** in consideration of the mutual covenants between the Debtor and Creditor, it is stipulated and agreed as follows:

1)    The total debt of the Class 13 loans is approximately $1,348,558.15The exact balance owing on the Class 13 loans shall be determined by the court on or before the Effective Date. The Debtor has determined the value of the properties securing the Class 13 Claims totals approximately

$1,015,000. The Debtor intends to treat the Class 13 Claims as fully secured. The Class 13 Claims are evidenced by individual notes executed by the Debtor. The Notes are collateralized by deeds of trust conveying interest in real estate owned by the Debtor and assignments of rents.

2) The Class 13 Claims shall be paid as follows

The interest rate shall be the contract interest rate on the Class 13 interest-only for months 1 through 6 following the Effective Date of the Plan, with Monthly Interest-only payments paid to the Class 13 Claimant by Debtor.

Commencing on the 7th month after the Effective Date of the Plan and thereafter through the 60th month, the balances due on all Class 13 loans shall amortize on a 25-year schedule payable at the contract interest rate with monthly payments of principal and interest paid to the Class 13 Claimant by Debtor.

3) The Class 13 loans shall all be due and payable on or before the 61st month following the Effective Date of the Plan.

4) All other terms and conditions in the notes and deeds of trust remain valid and binding, including 417's obligation to pay taxes, insurance and expenses to properly maintain the properties.

5) The Debtor may sell Properties encumbering the Class 13 loans. Net sales proceeds resultant from property sales shall be payable to the Class 13 Claimant under the terms of the individual notes executed by the Debtor referenced in paragraph 1 herein.

6) In the event that a tenant is lost, the Debtor's principal has the ability and will supplement the revenue necessary to make the monthly payments.

7)    The terms and conditions of this stipulation will be incorporated into an

amended    Plan of Reorganization and an amended Disclosure

Statement as well as any other pleadings required by the Court or which

the Debtor determines is necessary to file.

Dated this _____ day of _____, 2018.

Respectfully submitted,

**CREDITOR**                                    **417 Rentals, LLC**
**Southern Bank  as Successor in Merger to**
**Southern Missouri Bank of Marshfield**

**By:** _____
     **By:**_____
Signatory's Name                         Christopher        Gatley,
Member