IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

**In re:**

**417 Rentals, LLC**

Case # 17-60935-11
Chapter 11

**Debtor.**

## ORDER APPROVING AUTHORITY TO ENTER INTO
## PREMIUM FINANCE AGREEMENT

The Court, upon consideration of the motion of the Debtor for an Order authorizing maintenance of post-petition financing of insurance premiums, and after notice and hearing, makes the following findings:

1.  The Debtor has since the filing of this case on August 25, 2017 remained in possession of its assets and operated its business as a Debtor-in-Possession.

2.  The Debtor owns and manages 364 residential rental properties in the Springfield, Missouri area and maintains insurance coverage on those properties in accordance with the previous orders of this Court and guidelines of the United States Trustee.

3.  It is beneficial to the estate or the Debtor to finance its insurance premiums and the Court further finds that the proposed financing agreement with OPFS is fair and reasonable and in the best interest of the estate.

4.  The Debtor has been unable to obtain unsecured credit elsewhere and there is adequate protection of the interest of the holder of liens on the property of the estate in which such senior or equal lien is proposed to be granted.

It is therefore

**ORDERED** that, the Debtor is hereby authorized to enter into and to perform under the Agreement and to execute and deliver such documents and amendments to the Agreement that

the Debtor and IPFS may deem reasonably necessary or desirable to carry out the Agreement; and it is further

**ORDERED** that, pursuant to § 364(c) of Title 11 of the United States Code, as amended (the "Bankruptcy Code") and the terms of the Agreement, the Debtor is authorized to grant to IPFS a first priority security interest (the "Lien") in the Policies including (but only to the extent permitted by applicably law); (i) all money that is or may become due under the Agreement because of a loss under the Policies that reduces unearned premiums (subject to the interest of any applicable mortgagee or loss payee); (ii) any return of premiums or unearned premiums under the Policies; and (iii) any dividends that may become due the Debtor in connection with the Policies; and it is further

**ORDERED** that, in the event that the Debtor defaults under the terms of the Agreement, IPFS may, in accordance with the terms of the Agreement, and without further order of the Court, cancel the Policies listed in the Agreement or any amendment thereto and receive and apply the unearned or return premiums to the account of the Debtor; and it is further

**ORDERED** that, the full rights of IPFS pursuant to the Agreement and controlling state law be and the same hereby are fully preserved and protected and shall remain unimpaired by the pendency of this or any subsequent proceeding under the Bankruptcy Code, the appointment of a trustee in this case, or the conversion of the case to a case under Chapter 7 of the Bankruptcy Code; and it is further

**ORDERED** that in the event that returned or unearned premiums or other amounts due under the Policies are insufficient to pay the total amount owing by the Debtor to IPFS, any remaining amount owing to IPFS, including reasonable attorneys' fees and costs, shall be an allowed claim in this case with priority as an administrative expense pursuant to § 503(b)(1) of

the Bankruptcy Code; and it is further

**ORDERED** that, any monies due under the Agreement not otherwise satisfied through returned or unearned premiums or through payment of an allowed administrative claim filed by IPFS shall not be subject to discharge ro release in this Chapter 11 proceeding or any corresponding Chapter 7 proceeding, notwithstanding any provision to the contrary set forth in any Chapter 11 Plan or Confirmation Order entered in the above captioned case; it is furthere

**ORDERED** that, notwithstanding anything to the contrary contained in any Order approving secured financing in this case, the Lien granted to IPFS hereunder in connection with the Policies shall be senior to any security interests and/or liens granted to any other secured creditors in the Debtor's case; and it is further

**ORDERED** that, because IPFS has extended credit to the Debtor in good faith, the reversal or modification of this Order on appeal shall not affect the validity of the debt owed to IPFS or the priority of its liens, as provided in § 364(e) of the Bankruptcy Code; and it is further

**ORDERED** that the Debtor is hereby authorized to enter into financing agreements with IPFS in the future without further Court order; and it is further

**ORDERED** that any future financing agreements entered into by the Debtor and IPFS, pursuant to the procedure outlined above, will be subject to the same requirements of this Order.

**SO ORDERED** this _7th_ day of September, 2018.

_/s/ Cynthia A. Norton_
**THE HONORABLE CYNTHIA A. NORTON**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

**Submitted by:**

**/s/ Ronald S. Weiss**
**Ronald S. Weiss, MO #21215**
**BERMAN, DeLEVE, KUCHAN & CHAPMAN,LLC**
**2850 City Center Square**
**1100 Main Street**
**Kansas City, MO 64105**
**(816) 471-5900 telephone**
**(816) 842-9955 telecopier**
**rweiss@bdkc.com**
**ATTORNEYS FOR 417 RENTALS, LLC**

4